Ogle *et al. v.* Brooks.

---

No. 9642.

## OGLE ET AL. *v.* BROOKS.

EVIDENCE.—*Assault and Battery.*—*Proof of Commission of Similar Offences.*—Proof of a cause of action or defence can not usually be made by showing another of like character, as by showing, in defence of a suit for assault and battery upon a woman, with lecherous intent, that she had before made a similar accusation against another man and obtained a sum of money by compromise; or by proof for the plaintiff that the defendant had made like assaults upon other women.

Ogle *et al. v.* Brooks.

From the Hamilton Circuit Court.

*W. Garver, R. Graham, T. J. Kane* and *T. P. Davis,* for appellants.

*D. Moss* and *R. R. Stephenson,* for appellee.

ELLIOTT, J.—Appellants are husband and wife, and this action was instituted by them to recover for an assault and battery alleged to have been committed on the wife, Electa Ogle, by the appellee, to compel her to submit to sexual intercourse with him.

The court permitted the appellee to prove that, several years before the assault and battery testified to by appellants' witnesses, the appellants had made a similar charge against one Henderson Brown, and that he had paid them $125 to compromise the matter. This evidence was improperly admitted. The general rule unquestionably is that one case or one defence can not be made out by proving another of like character, and the case in hand is not within any of the exceptions to the general rule.

The appellants offered to prove by several female witnesses that the appellee had made assaults upon them for the purpose of forcing them to submit to his lustful embraces. The court refused to admit this evidence, and was clearly right in so ruling. If the principle acted upon by the trial court in admitting the testimony of the occurrence between Brown and appellants were correct, then doubtless the exclusion of this evidence would have been erroneous; but the principle upon which the court acted was an incorrect and unsound one. The ground upon which that evidence was admitted finds no support from reason or authority.

Judgment reversed.