KENYON, Respondent, vs. CITY OF MONDOVI, Appellant.

*November 19 — December 10, 1897.*

*Municipal corporations: Defective sidewalk: Contributory negligence:
Special verdict: Instructions: Privileged communications: Damages.*

1. Upon evidence showing among other things that, while plaintiff
    was walking in a snow storm which might well conceal a hum-
    mock of 'ice around a pump in the sidewalk, he slipped and fell
    thereon, his attention being for the moment diverted by being ac-
    costed by a friend, it is *held* that he was not guilty of contributory
    negligence, as a matter of law, in not seeing and avoiding such ice.
2. Communications to a physician of facts which it is necessary for
    him to know in order to treat a patient intelligently are privileged,
    and the privilege is that of the patient.
3. It is not error to refuse to submit questions for a special verdict,
    offered by a party, if those submitted fully cover all the issues in
    the case.
4. A refusal to give special instructions asked, is not error if, though
    correct in themselves, they are substantially given in the general
    charge.
5. An instruction, in an action for personal injuries, that if the jury
    "are satisfied from the evidence that the injury that the plaintiff
    suffered is permanent in its nature, and will continue to affect his
    health and physical condition in the future, . . . you should
    allow him, in addition, such sum as will reasonably compensate
    him for such pain and suffering and impairment of ability to earn

a livelihood as he must suffer in the future," does not violate the rule that permanent disability must be found to be reasonably certain before such damages can be allowed.

6. An instruction which, standing alone, might mislead the jury is not error when so qualified as not to have that effect.

APPEAL from a judgment of the circuit court for Buffalo county: E. B. BUNDY, Circuit Judge. *Affirmed.*

This is an action to recover for personal injuries suffered by the plaintiff by reason of a fall upon a sidewalk in the defendant city on the 21st of November, 1893. The fact that the plaintiff fell was not disputed, nor was it disputed that he suffered injuries thereby. A snowstorm was in progress at the time of the fall, and the plaintiff claimed that the fall was occasioned by slipping upon an accumulation of ice upon the sidewalk. It appears that there was a pump located in the sidewalk, between two and three feet from the outer edge thereof; and the plaintiff and his witnesses claim that there was a large accumulation of ice under the spout of this pump, a foot or more in depth, which extended out several feet from the outer edge of the pump, in a round and uneven form, and that it had been substantially in that condition for several days. The plaintiff claimed that as he approached the pump his attention was diverted by a friend passing by and speaking to him, and that from that fact, as well as the fact that it was snowing, he did not see the ice, and hence stepped upon it and fell. The defendant's evidence attempted to show that there was no ice about the pump, but that the plaintiff slipped upon the snow.

A special verdict was rendered, by which it was found, in answer to appropriate questions: (1) That the plaintiff fell in the vicinity of the pump; (2) that there was at that place an accumulation of ice on the sidewalk, (3) resulting from the freezing of drippings from the pump, (4) forming a dangerous defect in the sidewalk; (5) that the plaintiff was

injured by means of slipping on such ice; (6) that the ice would not be apparent to a person walking on the sidewalk and exercising ordinary care; (7) that the officers of the city had no actual notice of the existence of such ice, (8) but that it had existed long enough for the officers to discover it and remove it, in the exercise of ordinary care; (9) that there was an incline of the walk, towards the street; (10) that the street gutter was lower than the sidewalk; (11) that the plaintiff could not have seen the ice, in the exercise of ordinary care, in time to avoid it; (12) that the plaintiff did not voluntarily attempt to pass over the walk when, in the exercise of ordinary care, he ought to have known it was dangerous; (13) that the ice was uneven and rounded in form; (14) that the plaintiff had no defect in his injured leg prior to his fall on the sidewalk; (15) that the defendant was guilty of want of ordinary care, which was the cause of the injury; (16) that the plaintiff was not guilty of the want of any ordinary care which contributed to his fall; (17) that the plaintiff's damages were $3,000.

From a judgment for the plaintiff on this verdict, the defendant appeals.

For the appellant there was a brief by *J. W. Whelan*, attorney, and *Austin & Fehr*, of counsel, and oral argument by *W. H. Austin*. They contended, *inter alia*, that the plaintiff was, as a matter of law, guilty of contributory negligence in not observing and avoiding the ice, which was in plain sight and visible from some distance. *Conneaut v. Naef*, 54 Ohio St. 529; *Butterfield v. Forrester*, 11 East, 60; *Whalen v. Citizens' Gas Light Co.* 151 N. Y. 73; *Weston v. Troy*, 139 id. 281; *Dubois v. Kingston*, 102 id. 219; *Beltz v. Yonkers*, 148 id. 67; *Davis v. California St. R. Co.* 105 Cal. 131; *Schaefler v. Sandusky*, 33 Ohio St. 246; *Bluffton v. McAfee*, 12 Ind. App. 490; *Hudon v. Little Falls*, 71 N. W. Rep. 678; *Quincy v. Barker*, 81 Ill. 300.

Plaintiff's attention was not diverted until he was in the

act of falling. The rejection of the physician's testimony as to the condition of plaintiff's leg previous to the accident was erroneous. The statement to him in regard to it was not necessary to enable him to treat the injury caused by the accident. *Campau v. North,* 39 Mich. 607; *Edington v. Ætna L. Ins. Co.* 77 N. Y. 564; *Kansas City, Ft. S. & M. R. Co. v. Murray,* 55 Kan. 336; Jones, Ev. § 778.

*S. G. Gilman* and *C. W. Gilman,* for the respondent.

WINSLOW, J. 1. A motion for nonsuit was made in this case, and overruled, and error is assigned upon this ruling. Examination of the record satisfies us that the case was one for the jury. The plaintiff was walking along in a snowstorm which might well conceal the outlines of the hummock of ice, and his attention was at the time momentarily diverted by being accosted by a friend. Under such circumstances, we cannot say that the plaintiff was guilty of negligence, as matter of law, in not seeing and avoiding the ice. *Wheeler v. Westport,* 30 Wis. 392; *Simonds v. Baraboo,* 93 Wis. 40.

2. The physician who treated the plaintiff's injured leg was asked certain questions as to statements said to have been made to him by the patient as to the previous condition of the leg and the circumstances of his fall. These questions were objected to as privileged communications, and the objections were sustained. We understand from the record,— though it is somewhat confused,— that the doctor stated that all these facts were necessary for him to know in order to enable him to treat the case intelligently. This brings it within the provisions of sec. 4075, R. S., and makes it a privileged communication. This court has recently held that in such case the privilege is that of the patient. *Boyle v N. W. Mut. R. Asso.* 95 Wis. 312. Hence there was no error in excluding the evidence.

3. Error is assigned upon the failure to submit certain

Kenyon vs. City of Mondovi.

questions to the jury as a part of the special verdict. It is sufficient to say on this point that the special verdict fully covered all the issues in the case.

4. The court charged upon the question of damages as follows: " And if you are satisfied from the evidence that the injury that the plaintiff has suffered is permanent in its nature, and *will* continue to affect his health and physical condition in the future, and cause him pain and suffering in the future, you should allow him, in addition, such sum as will reasonably compensate him for such pain and suffering and impairment of ability to earn a livelihood as he must suffer in the future." It is claimed that this instruction was defective, in that it allowed the jury to find permanent damages upon supposition or conjecture, and that it violated the rule that permanent disability must be found to be reasonably certain before such damages can be allowed. We do not think the objection well taken. The court told the jury that, if they were " satisfied " from the evidence that the injury was permanent, they might assess damages for such pain and suffering and impairment of ability to earn a livelihood as he *must* suffer in the future. If a jury are *satisfied* of the existence of a fact, it would seem that they must be *reasonably certain* of it. We see no defect in the instruction, and we think there was sufficient evidence to base it on.

The court also charged that admissions of a party are sometimes rather unreliable and calculated to mislead, and need to be scrutinized with care. This is objected to as unwarranted. If it stood alone, it might be misleading; but it was followed by further remarks to the effect that admissions deliberately made and clearly proven are entitled to considerable weight, and may be entitled to a great deal of weight, and that the degree of weight was a question for the jury. Certainly, with these qualifications, there was no error here.

5. A number of instructions were asked and refused. It

seems hardly necessary to insert them here. They were generally correct, and were generally, also, included in the charge of the court, in somewhat different form and wording, but sufficiently expressing the idea to be conveyed. Many verbal criticisms are made of the charge, but we have discovered nothing of sufficient consequence to justify reversal.

The case seems to have been fairly tried, and submitted without prejudicial error.

