## Terre Haute Traction and Light Company *v.* Payne.

[No. 6,803.   Filed October 12, 1909.   Rehearing denied January 5, 1910.]

1. CARRIERS.—*Interurban Railroads.—Negligent Starting of Cars.—Complaint.—"At or Near."*—A complaint by a passenger alleging that defendant interurban railroad company stopped its car "at or near" the plaintiff's destination, that passengers began to alight, that the plaintiff attempted to alight, and that while so doing defendant negligently started the car with a jerk, throwing and injuring her, sufficiently shows that the car had reached the plaintiff's destination and that the plaintiff was justified in attempting to alight.   p. 135.

2. CARRIERS.—*Passengers.—Injuries to.—Instructions.*—An instruction that a passenger using ordinary care herself, may assume that she will be transported to her destination and be permitted to alight in safety, and that if the carrier should announce that the next stop would be her destination, she might assume, when the car again stopped, that it was the regular station where she might alight without fear of a sudden start, and that if in attempting to alight the car was suddenly started, injuring her, she should recover, "providing, the plaintiff has proved the other material allegations of her complaint by a preponderance of the evidence," is not misleading, where the negligence alleged was that of starting the car before she had alighted.   p. 136.

Terre Haute Traction, etc., Co. v. Payne—45 Ind. App. 132.

3. CARRIERS.—*Passengers.*—*Care in Alighting.*—A passenger is required to use ordinary care in alighting from the car. p. 138.

4. CARRIERS.—*Discharge of Passengers.*—*Stations.*—A carrier that stops its car at an improper stopping place, after announcing the next stopping place as the plaintiff's destination, is under the same duty of discharging its passengers safely as though such place were the regular station. p. 138.

5. CARRIERS.—*Care Toward Passengers.*—*Instructions.*—An instruction that while a carrier is not an insurer of the safety of its passengers, nevertheless, it is bound to use the highest practicable care in reference thereto, and is liable for the slightest neglect, is correct. p. 138.

6. CARRIERS.—*Inviting Passengers to Alight.*—*Stations.*—*Instructions.*—An instruction that the stopping of a car, after giving the usual signal for the regular stopping place, is an invitation to the passengers to alight, is not erroneous. p. 139.

7. CARRIERS.—*Passengers.*—*Negligent Discharge of.*—*Instructions.* —An instruction that a passenger is not required to anticipate the carrier's negligence, and that if the conductor stops the car, after having announced the next stopping place as the passenger's destination, the passenger has a right to assume that she may safely alight, and is not bound to apprehend that her safety will be endangered by a sudden start, is correct, the passenger having a right to rely upon the instructions of the conductor. p. 139.

8. CARRIERS.—*Passengers.*—*Discharging.*—*Outlining Facts Authorizing Recovery.*—*Instructions.*—An instruction setting out the facts authorizing a passenger to recover for injuries sustained in attempting to alight from defendant's car, but omitting to use the word "negligent," is not bad, where it also charges that the recovery is conditioned upon proof of the other allegations of the complaint, one of which was that the defendant negligently started the car with a jerk that caused the injury. p. 140.

9. CARRIERS.— *Passengers.*— *Alighting.*— *Instructions.*—An instruction stating what acts of defendant's motorman would constitute negligence, and disregarding the element of knowledge, is not bad, since the motorman is presumed to know of the acts of passengers in alighting from the car. p. 141.

10. CARRIERS.—*Passengers.*—*Injuries.*—*Other Sickness.*—*Damages.* —*Instructions.*—*"Fair Preponderance"* of *Evidence.*—*"Satisfaction"* of *Jury.*—An instruction that no damages should be given to a passenger on account of sickness subsequent to injuries received, where the sickness was not caused by the injuries, and that if the plaintiff has proved the allegations of her complaint "to the jury's satisfaction" by a "fair preponderance" of the evidence, she is entitled to recover, is not unfavorable to the defendant. p. 141.

11. CARRIERS.—*Acts of Agents.—Injuries to Passengers.—Liability. —Instructions.—Insurers.*—An instruction that a carrier is responsible for the manner in which its servants act in carrying passengers, and if passengers are injured by reason of the wrongful conduct of such servants, such carrier is liable, does not make the carrier an insurer. p. 142.

12. CARRIERS.— *Evidence.— Hypothetical Questions.— Basis.— Instructions.*—An instruction that if the jury should find that the facts assumed in a hypothetical question are not all proved, such testimony would be correspondingly weakened, and that if none of such facts were established such evidence might be wholly disregarded, is correct. p. 143.

13. TRIAL.—*Interrogatories.—Requests for.*—Giving to the jury certain interrogatories headed by a request by defendant that they be submitted, is open to adverse criticism, but does not constitute reversible error. p. 143.

14. TRIAL.—*Instructions.—Duplication.*—Instructions need not be duplicated. p. 144.

15. NEW TRIAL.—*General Reasons for.—Contributory Negligence.— Burden of Proof.—Instructions.*—That the instructions as to contributory negligence and the burden of proof in establishing it are confusing, contradictory and misleading, is too general for an assignment as a ground for a new trial, and presents no question, and should, in any event be disregarded, where the record shows that the instructions fully and fairly placed the case before the jury. p. 144.

From Putnam Circuit Court; *G. C. Moore,* Special Judge.

Action by Emma A. Payne against the Terre Haute Traction and Light Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*McNutt & McNutt, A. W. Knight, S. A. Hays* and *W. H. Latta,* for appellant.

*Albert Payne* and *Warren E. Payne,* for appellee.

COMSTOCK, J.—The amended complaint is in one paragraph, and, as originally filed, made both the appellant and the Terre Haute, Indianapolis and Eastern Traction Company defendants. The negligent act charged, is that the car was stopped at plaintiff's destination to allow passengers to alight therefrom; that the plaintiff thereupon arose from her seat and attempted to pass out of said car; that, while

she was in the act of walking from the place where she had been seated to the door of the car, the car was negligently started with a sudden jerk, causing her to be thrown to the floor and injured. The action was dismissed as to the Terre Haute, Indianapolis and Eastern Traction Company. Appellant's demurrer for want of facts was overruled, and the cause put at issue by a general denial. A trial by jury resulted in a verdict in favor of appellee against the appellant in the sum of $4,500. With the general verdict answers to interrogatories were returned.

The errors assigned are the overruling of appellant's demurrer to the amended complaint and its motion for a new trial.

The demurrer contains two specifications. Only the first, "that the complaint does not state facts sufficient to constitute a cause of action," is discussed. The com-

1. plaint is objected to as alleging only that the car stopped "at or near" a point at which plaintiff desired to alight, that she thereupon and without delay arose from her seat and started toward the door, that the car started before she reached the door; that it does not allege that the car had stopped at the regular stopping place, or that it had stopped for her to alight, or for passengers to alight at that point; that the charge is in the alternative "at or near," and that the appellee's ticket entitled her to ride to Sixth street—the point to which appellant had agreed to carry her, and at which it had a right to expect her to alight—and that it was not charged, by law, with any duty to anticipate that appellee would arise and attempt to alight before the car reached that point. The language of the complaint to which the objections are addressed is as follows: "Plaintiff became a passenger on one of defendant's cars running from Forest avenue in the city of Brazil, Indiana, on the line of its road, to Sixth street in the city of Terre Haute, Indiana, and then and there paid the full fare charged by said defendant to be transported from said city

of Brazil, Indiana, to said Sixth street in the city of Terre Haute; * * * that while plaintiff was a passenger on said car, and when said car came near Sixth street of said city of Terre Haute, Indiana, at plaintiff's point of destination on said line of road, the same was by said servants of said defendant stopped, and passengers thereon began to alight therefrom; that as soon as said car was so stopped at said point this plaintiff arose from her seat in said car and attempted to walk and pass out of the same and alight therefrom, and was in the act of walking from her said seat to the door of said car, for the purpose of alighting therefrom, and that while so walking toward said door, being herself in the exercise of due care for her own safety, and without unnecessary and unreasonable delay on her part, said car was, by said servants of defendant in charge and control of the same, negligently and carelessly, without giving any notice, signal or warning, set in motion, then and there causing said car suddenly and unexpectedly to jerk and lurch violently with a backward and forward movement, whereby,'' etc. This language does not sustain said first and second objections. As to said second point, the complaint alleges that the defendant company ran its cars from Brazil, Indiana, to Sixth street in Terre Haute, Indiana; that plaintiff paid her fare between said points, which may fairly be construed as charging that the cars had arrived at their place of destination. But, apart from this, it appears that the car had come to a full stop, and other passengers were alighting and plaintiff was attempting to alight.

It is argued that the court erred in giving instructions three, four, four and one-half, five, seven and eight requested by plaintiff. Said third instruction is objected to as omitting the following essentials to recovery: (1) That said car was negligently started; (2) that plaintiff was in the exercise of ordinary care; (3) that the injuries received were the proximate result of defendant's negligence. The objection made makes it proper

to set out the instruction, which reads as follows: ''Every person who is received as a passenger upon the cars of a common carrier and has paid the required fare for transportation, has the right to assume that he will be carried to his destination safely, and that he will be allowed to alight from such conveyance in safety, and he is not required to exercise more than ordinary care in alighting from such conveyance. So in this case, if you find  *  *  *  that on December 13, 1905, the defendant was a common carrier of passengers for hire; that the plaintiff was a passenger;  *  *  *  that she had paid the required fare,  *  *  *  and if you further find that on said day the defendant's employes  *  *  * stopped the car at or near Sixth street in the city of Terre Haute, and permitted persons to alight from said car, and that the conductor had announced the next stop to be Sixth street, then the court instructs you that the plaintiff had a right to assume that the point at which said car stopped was the regular stopping place for defendant's cars for the discharge of passengers, and that she would be permitted to alight from said car before it would be again started;  *  *  *  and if you find  *  *  *  that the point where said car stopped on said day was not the regular stopping place, and  *  *  *  that the plaintiff was attempting to alight from said car in the usual careful and prudent manner, and that the employes of the defendant  *  *  * suddenly and without notice or warning, set the car in motion while plaintiff was in the act of attempting to alight,  *  *  *  and that the plaintiff received the injuries complained of in her complaint—then the court instructs you that you should find for the plaintiff, providing, that the plaintiff has proved the other material allegations of her complaint by a preponderance of the evidence.''

The negligence charged in the complaint is that the defendant failed to permit plaintiff to alight in safety. No complaint is made that she was not carried safely to her destination. The instruction in effect states that a passenger

is only required to exercise ordinary care in alighting. The right to recover is predicated upon the negligent starting of the car while plaintiff was attempting to alight. The language used is: "And if you further so find from a preponderance of the evidence that the plaintiff was attempting to alight in a careful and prudent manner," etc. The measure of care under consideration is that care which a

3. person of ordinary prudence, acting under like circumstances or similarly situated, would use. The language employed is not strictly within the rule, but we cannot say that, taken in connection with other instructions given, it was misleading. The instruction does not in terms attempt to recite all the facts necessary to warrant a recovery. It does charge that if the plaintiff has proved the other material allegations of her complaint by a fair preponderance of the evidence, she ought to recover.

The element of negligent starting of the car was incorporated in other material allegations of the complaint.

Whether or not the car stopped at a regular stopping place would not be material, if appellant had announced the next stop to be Sixth street, and permitted pas-

4. sengers to alight there. The appellant was under the same obligations to protect passengers getting off there as at any other place.

Said fourth instruction, it is claimed, informed the jury that while a common carrier is not an insurer of the absolute safety of its passengers, in legal contemplation, it

5. does undertake to exercise the highest degree of care to secure the safety of the passenger, and is responsible for the slightest neglect, resulting in injury to the passenger, if the passenger is, at the time of the injury, exercising ordinary care for her own safety. The instruction was correct.

Said instruction four and one-half reads: "Bringing the car to a full stop near the regular stopping place, after having given the usual signal indicating the arrival at the

stopping place, is an implied invitation to the passen-
6.　gers to alight." In this there was no error. *Terre
Haute, etc., R. Co.* v. *Buck* (1884), 96 Ind. 346, and
cases cited.

The fifth instruction reads: "The-plaintiff was not bound
to apprehend any carelessness or lack of care on the part of
the defendant. And if you further find that before
7.　stopping, and being near the place where the car
stopped, the defendant's conductor had announced
that the next stop would be Sixth street, plaintiff had a right
to rely, when said defendant stopped its car and passengers
were being discharged therefrom on said date, that said car
would not be started until she was safely off the same. She
was not bound to apprehend that the motorman might start
the car, while she was walking down the aisle and attempt-
ing to gain the rear platform of the car on which she was
riding, before she had reached a position of safety. She
was not bound to apprehend that the defendant might do
anything that would place her in jeopardy; on the contrary,
she had a right to place full reliance on the defendant's
doing its full duty towards her, and exercising the highest
degree of care which the law requires of it for her protec-
tion." This instruction is objected to as assuming the
existence of certain facts, *e. g.*, that she was walking down
the aisle of the car, and that she was going towards the rear
platform; that she had not reached a place of safety, and
inferentially assumes that it was dangerous to start the car
at that time; and, as invading the province of the jury;
that it is erroneous for the further reason that it is a mis-
statement of the law as applied to the facts of this particular
case.

The pith of the instruction is that it would not be negli-
gence for appellee, under the circumstances, to act upon the
instructions of the conductor. The instruction is to be con-
sidered in connection with other instructions and the facts as
proved. Appellant was bound to exercise the highest degree

140     APPELLATE COURT OF INDIANA,

Terre Haute Traction, etc., Co. *v.* Payne—45 Ind. App. 132.

of care and skill possible for the safety of appellee, and she had the right to rely upon appellant's discharging this duty, and to act on the belief and reliance that it would do so, unless the danger was so apparent that no person of ordinary prudence would incur it.   In other words, it can not be negligence on the part of a passenger to rely upon the instructions of the conductor, unless such reliance would lead to known perils which an ordinarily prudent person would not incur.   *Anderson* v. *Scholey* (1888), 114 Ind. 553; *Bradbury* v. *Goodwin* (1886), 108 Ind. 286.

Instruction seven is objected to because "it instructed the jury that the plaintiff may recover upon certain facts, and omitted the element of negligence in the doing of the act; that she may recover, provided the car was started forward while she was alighting, absolutely regardless of whether the acts of stopping and starting the car were or were not negligent acts, and for the reason that it leaves the jury free to determine for itself what are the material allegations of plaintiff's complaint." As to omitting the element of negligence, it must be conceded that the particular word is not used.   But the jury is instructed that it might find for the plaintiff, providing she had proved the other material allegations of the complaint.   One of the material allegations of the complaint is "that the act was negligently done."   The second objection is not sustained by the decisions of this State. *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438; *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3; *New Castle Bridge Co.* v. *Doty* (1907), 168 Ind. 259.   In the case last named the court, at page 266, said: "Complaint is made of the second instruction because it informed the jury that the appellee might recover if he had proved by a fair preponderance of the evidence the material allegations of one or both paragraphs of the complaint. It is claimed that this instruction is bad for two reasons:

(1) Because it does not set forth what constitutes the material allegations of the complaint; (2) it omits the elements of assumed risk and contributory negligence. Neither of these objections is tenable. It is not erroneous to express an instruction in general terms, if the expressions employed are correct within their own limitation. It is only when an instruction purports to state specifically all the material averments of a pleading that it becomes erroneous to leave one or more of such averments unstated.''

The eighth instruction is objected to on the grounds that it invades the province of the jury, and states what conduct on the part of the appellant's motorman would constitute actionable negligence, and also that it disregards the element of knowledge by the motorman of appellee's position, and whether there was any apparent danger to her at the time he started the car. In law, appellant's servants knew that appellee was going out of the car, and that to start the car in the manner alleged would put her in peril. The instruction is conditional upon the use of reasonable care and diligence by appellee as she moved forward toward the door to alight from the car. The objections are not well taken. It is also objected to for the reason that it left it for the jury to determine what were the material allegations of the complaint. As the same objection is made to the seventh instruction, it is not deemed necessary further to refer to it.

Objection is also taken to instructions one, four, five and seven, given by the court of its own motion. Instruction one is as follows: "It is not essential to the plaintiff's right of recovery in this action that all of the sickness that she has had since the date of her alleged injury was caused by said injury. It is sufficient to entitle her to a verdict in her favor, if she has proved to your satisfaction, by a fair preponderance of the evidence, that she sustained an injury by the negligence of the defendant, its agents and servants, and without any negligence on her part, at the

142    APPELLATE COURT OF INDIANA,

Terre Haute Traction, etc., Co. *v.* Payne—45 Ind. App. 132.

time and in the manner alleged in her complaint. The fact, if it is a fact, that she, after such injury, fell sick from causes unconnected with her injury, if you find from a fair preponderance of the evidence that she sustained an injury, should not, nor should the symptoms resulting from such sickness, be considered by you in assessing her damages.''

The objection is that it commands the jury to exclude from their minds, in assessing the plaintiff's damages, the fact that she fell sick, after her injury, from causes unconnected therewith, and that they should exclude the symptoms resulting from such sickness. We cannot see that appellant had any reason to complain of this portion of the instruction. The jury was told to award no damages to plaintiff for any matter named in that part of the instruction. The instruction is further objected to upon the ground that the words, ''it is sufficient to entitle her to a verdict in her favor if she has proved to your satisfaction, by a fair preponderance of the evidence,'' etc., are used. The words to the ''satisfaction'' of the jury are equivalent to ''find'' or ''believe,'' and there was no error in their use in this connection. *Callan & Co.* v. *Hanson* (1892), 86 Iowa 420, 53 N. W. 282, *Sams Automatic Car Coupler Co.* v. *League* (1898), 25 Colo. 129, 54 Pac. 642; *Kenyon* v. *City of Mondovi* (1897), 98 Wis. 50, 73 N. W. 314; *Torrey* v. *Burney* (1896), 113 Ala. 496, 21 South. 348.

Said fourth instruction reads: ''If the plaintiff was a passenger upon one of the defendant's cars, as charged in the complaint, and defendant's obligation was to carry her safely and properly, and if the defendant entrusted this duty to the servants of the company, the law holds the defendant responsible for the manner in which said servants execute it. And it is the established law that a carrier is responsible for the negligence and wrongful conduct of its servants, suffered or done in the line of their employment, whereby a passenger is injured.'' It is insisted that the instruction makes the appellant the

insurer of the safety of the passengers. We think it could not have been so understood. It plainly tells the jury that the appellant is responsible for the manner in which its servants discharge their duties, and that a carrier is responsible for the wrongful conduct of its servants, suffered or done in the line of their employment, whereby a passenger is injured.

In the fifth instruction the court, in referring to the opinions given by expert witnesses upon hypothetical questions, said: "If you find that any of the facts embodied in the questions submitted to these witnesses, or either of them, has not been proved, then the weight to be given the evidence of each is weakened by so much, at least, as the facts are not proved. If you find that none of the material facts embodied in said questions are proved by a fair preponderance of the evidence, then you may disregard said evidence as worthless." The instruction is sustained by the authorities. *Filer* v. *New York Cent. R. Co.* (1872), 49 N. Y. 42; *Bradley* v. *State* (1869), 31 Ind. 492; *Hovey* v. *Chase* (1863), 52 Me. 304, 83 Am. Dec. 514; *Butler* v. *St. Louis Life Ins. Co.* (1876), 45 Iowa 93; *Bomgardner* v. *Andrews* (1881), 55 Iowa 638, 8 N. W. 481; *Hurst* v. *Chicago, etc., R. Co.* (1878), 49 Iowa 76; *Muldowney* v. *Illinois Cent. R. Co.* (1874), 39 Iowa 615; *State* v. *Stickley* (1875), 41 Iowa 232.

In the seventh instruction, the court, in submitting interrogatories to be answered and returned with the general verdict, used this language: "The defendant requests the following interrogatories," and then follow the interrogatories requested. Appellant claims that the interrogatories are presumed to come from the court, and the use of the expression "the defendant requests" was prejudicial to appellant. We think the expression used is open to criticism, but do not see in it any ground for reversal.

144 APPELLATE COURT OF INDIANA,

Terre Haute Traction, etc., Co. *v.* Payne—45 Ind. App. 132.

The second instruction requested by the defendant and refused is substantially covered by the tenth instruction, given at its request.

The sixty-sixth reason for a new trial is that the court failed to instruct as to the material allegations of the complaint. This question we have passed upon in considering the alleged errors in giving said instructions.

The sixty-seventh reason for a new trial is that the court's instructions as to contributory negligence and the burden of proof establishing contributory negligence are confusing, contradictory and misleading. These are general statements which present no question. *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.* In connection with the last point, we deem it proper to say that the jury was instructed that before the plaintiff could recover she must prove by the preponderance of the evidence all the material allegations contained in her complaint; that she was required by a preponderance of all the evidence to establish the negligence of the defendant, and if she failed to do this she could not recover in this action; that she must prove that the jerk of the car was due to the negligent and unskillful acts of defendant's servants, and if she did not make this proof the jury should find for the defendant; that if the plaintiff proved by a preponderance of the evidence that the car on which she was riding was negligently started suddenly and with great force and violence, with a backward and forward movement, and that she was thrown and injured thereby without any fault on her part, if she had proved all the other allegations of her complaint by the preponderance of the evidence, the verdict should be for the plaintiff; that the plaintiff could not recover in this action unless she proved by a preponderance of the evidence that the injuries of which she complained were caused by the negligence of the defendant, as set out in her complaint, and that her attempt to alight was made in a careful and pru-

dent manner; that she must prove by a preponderance of the evidence that she used due care and diligence in her attempt to alight from the car; that if the defendant proved by the preponderance of the evidence that the plaintiff was guilty of some act or acts of negligence that contributed to her injuries, or that she did not use such care or caution as a reasonably prudent person would have used under the circumstances, then the defendant can defeat her recovery on the ground of contributory negligence; that if it was found from the evidence in this case that the plaintiff was guilty of the slightest degree of negligence in attempting to leave the car, and that such negligence materially contributed to her injury, that the jury must find for the defendant; that if it was found from the evidence that plaintiff was in a safe place on the car, and voluntarily attempted to leave the car when the same was in motion and was likely to cause her to be thrown to the floor, and that she was under no compulsion or restraint to do so, and if it was further found that a person of ordinary prudence, in the situation and condition of the plaintiff, would not have attempted to leave the car at the time and under the circumstances, and that it was dangerous to do so—then the plaintiff could not recover, because, under such facts, if they were found to exist in this case, the plaintiff would be guilty of contributory negligence. From these instructions we think the jury was fairly informed as to the facts necessary to constitute appellant's negligence as well as appellee's contributory negligence, and that, taking the instructions together, the jury was not misled.

Judgment affirmed.