Tillier, Appellant, vs. Swette, Respondent.

*February 10—March 8, 1932.*

For the appellant there was a brief by *V. J. Muench* and *Meyer & Bredesen,* all of Manitowoc, and oral argument by *Mr. Muench* and *Mr. Edward Meyer.*

For the respondent there was a brief by *Healy & Joyce,* and oral argument by *John J. Healy* and *Kenneth C. Healy,* all of Manitowoc.

WICKHEM, J. That the evidence would sustain a finding of negligence on the part of the defendant is not open to serious doubt. The sole question is whether plaintiff, as a matter of law, was guilty of contributory negligence.

It is argued by the defendant that under sub. (6), sec. 85.44, of the Statutes, plaintiff should have stepped off the concrete. This section provides:

"Pedestrians using those highways not provided with sidewalks shall travel on and along the left side of such highway and the pedestrian, upon meeting a vehicle, shall, if practicable, step off the traveled roadway."

This section, however, requires the pedestrian, upon meeting a vehicle, to step off the traveled roadway only if this course of action is practicable. Plaintiff knew that defendant's car was approaching, and it was his duty to step off the concrete if it was practicable to do so. However, there is evidence that the shoulder was very rough and steep, and not more than a foot or eighteen inches wide; that there was a ditch three or four feet deep beyond this narrow shoulder, and that it was dark. There is also evidence from which the jury could believe that defendant, at the time when last observed by plaintiff, was driving five or six feet in upon the concrete and in no apparent danger of hitting

the plaintiff. In view of these facts, we think the jury were entitled to conclude that it was not practicable for plaintiff to step off the concrete.

Further than this, there is evidence from which the jury could have come to the conclusion that plaintiff's attention was momentarily diverted by the noise of the car approaching from the rear. If such was the fact, it cannot be said that plaintiff was negligent as a matter of law. *Kenyon v. Mondovi,* 98 Wis. 50, 73 N. W. 314; *Crites v. New Richmond,* 98 Wis. 55, 73 N. W. 322; *Collins v. Janesville,* 117 Wis. 415, 94 N. W. 309; *Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311.

For the foregoing reasons it is concluded that the granting of a nonsuit was error.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.