## BANNER v. HOHMAN ET AL.

[No. 15,345. Filed December 15, 1937. Rehearing denied February 16, 1938.]

*Milo N. Bruce, Otto J. Bruce* and *Foster O. Bruce,* for appellant.

*McAleer, Dorsey, Clark & Travis,* for appellees.

DUDINE, P. J.—This is an action by appellant Robert Banner, a minor, by his next friend, against appellees for damages for personal injuries received by appellant when he was struck by an automobile as he was crossing Lyman Avenue from an abutting alley, in the city of Hammond, Indiana. Appellant was crossing the street "on foot," and the automobile was being driven by appellee Caroline Hohman.

The issues were formed by an amended complaint consisting of three paragraphs and an answer in general denial.

The cause was submitted to a jury for trial and the jury returned a general verdict in favor of all the appellees, and the court rendered judgment in accord with the verdict, for appellees.

Appellant filed a motion for new trial, which was overruled, and perfected this appeal.

The only alleged error presented which needs be discussed is alleged error in the giving of Instruction No. 34. Other questions are presented but in view of the conclusion we have reached with reference to that alleged error, and in view of the fact that it is not probable that said other questions will be presented in another trial of this cause, it is not necessary that we discuss them.

It is not necessary that we discuss in detail the theories of the various paragraphs of complaint, or the evidence introduced to prove the allegations thereof. It is sufficient in that regard to say that the plaintiff proceeded upon the theory that appellee Caroline Hohman at the time of the accident was driving the automobile as an agent of appellees Charles G. Hohman and Christina Hohman, her father and mother; that she, Caroline, was then and there negligently driving said automobile and that the injuries to appellant were caused by her negligence. Appellees proceeded upon the theory that Caroline was not negligent in driving the automobile, and upon the theory that appellant was then and there contributorily negligent and that his negligence caused the injuries.

In the course of introducing defendants' evidence, one of their witnesses was permitted, over appellant's objections, to testify that on two occasions, both of which were at least six months before the accident involved in the instant case, and on a different street in the city of Hammond, appellant ran in front of the witness' automobile and on one of said occasions the witness had to step on the brake to keep from hitting appellant. Before permitting the witness to testify to that effect the court admonished the jury as follows:

"Gentlemen of the jury you are instructed that

we are not trying any other accident or any other issue, and the only purpose of introducing this evidence is that the jury may form whatever opinion it pleases as to the weight to be given certain testimony in the case. I do feel that the court hasn't any right to exclude it, because it may be pertinent on the question of the weight to be given certain evidence in the case."

Instruction No. 34 which was given to the jury is as follows:

"If you find from the preponderance of the evidence that the plaintiff had on previous occasions carelessly run in front of other cars while in motion, you are entitled to consider this evidence, if any, in determining whether or not the plaintiff was guilty of contributory negligence at the time and place of the accident, taking into consideration the ordinary care required of the plaintiff, as you have been heretofore instructed."

By that instruction the court in effect told the jury that they could consider said evidence of appellant running in front of said witness' automobile *six months before the accident, on a different street,* as tending to prove that appellant was contributorily negligent at the time of the accident. Under that instruction, appellant could be proven to have been contributorily negligent at the time of the accident by evidence of his former acts of negligence, which acts were not connected with his conduct at the time of the accident. See *Ogle et al.* v. *Brooks* (1882), 87 Ind. 600.

"Negligence is a question of fact, . . . and must be determined by the facts and circumstances that occurred *at the time* . . ." (Our italics.) *The Pitt., Ft. Wayne & Chi. Rwy. Co.* v. *Ruby* (1871), 38 Ind. 294, p. 312.

Appellees contend, "A. Where the direct evidence shows that an act was done or omitted, it is competent to prove that a custom existed prior to that time to do or not to do such act. . . . B. In determining the suffi-

ciency of a certain instruction, it is not necessary that all of the law applicable to the case be incorporated therein, but it suffices if the instructions taken as a whole correctly state the law involved. C. . . . Instructions given upon the admission of evidence must be considered in conjunction with the general instructions given at the close of the case."

It is not necessary for the purpose of this appeal that we determine the validity of any of said contentions of appellees, and we do not do so. The effect of said contentions, as applied to the instant case, is that since the evidence as to appellant's negligence at the time of the accident resulting in appellant's injuries was contradictory, evidence of appellant's "custom" or habit of running across streets in front of approaching automobiles was admissible; that in construing Instruction No. 34, we must construe it in conjunction with all the other instructions given, including the instruction given when said evidence of other negligent acts of appellant was introduced.

Assuming, but not deciding that all of said contentions are tenable, the harmful characteristics of Instruction No. 34 would not be obviated by the application of the principles of law contended for.

The court gave no other instructions relative to the purpose or purposes for which said evidence might be considered. The court gave no instruction relative to evidence, *if any*, of appellant's *habit* of running across streets in front of approaching automobiles. It is apparent that the instruction given at the time of the admission of said evidence did not advise the jury in that regard. (For list of authorities relating to habit evidence see Annotations 15 A. L. R. 125, and 18 A. L. R. 1109. Appellees have cited *Pitt., etc., Rwy. Co.* v. *McNeil* [March 20, 1903], 66 N. E. 777, in support of their said contentions. The records in the office of the

clerk of this court show that a rehearing was granted in that cause by this court on December 8, 1903, and this court finally decided said cause on January 12, 1904, see *Pitt., etc., Rwy. Co.* v. *McNeil* [1904], 34 Ind. App. 310, 69 N. E. 471 [transfer denied December 15, 1904]. Said later opinion of this court does not support appellees' said contentions.)

We hold that the court committed reversible error in giving Instruction No. 34, and therefore the judgment must be reversed. (For a case supporting the conclusion we have reached see *Citizens Street R. Co.* v. *Jolly* [1903], 161 Ind. 80, 67 N. E. 935.)

Judgment reversed with instructions that the trial court sustain appellant's motion for new trial.