KELLEY *v.* HOCUTT, BY NEXT FRIEND, ETC.

[No. 18,656. Filed September 28, 1955.]

*O'Neill, Scott & Schrenker,* of Anderson, for appellant.

*Jack H. Mankin,* of Terre Haute, and *Charles F. Gaus,* of Anderson, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action for damages for personal injuries. The cause was submitted to a jury for trial upon appellee's second amended complaint, the appellant's answer thereto, and the reply of appellee to the second legal paragraph of appellant's answer.

The jury returned a verdict for appellee in the sum of $2,500, and judgment was rendered on such verdict.

The sole error assigned for reversal is that the trial court erred in overruling appellant's motion for a new trial. The grounds of the motion for a new trial are, that the verdict is not sustained by sufficient evidence and is contrary to law; that the court erred in refusing to strike out the answer of a witness who stated that he made a report for an insurance adjustment company, and to withdraw the case from the consideration of the jury; that the court erred in giving certain instructions; and that the court erred in refusing to withdraw the submission of the case to the jury because of a statement of appellant's attorney in his final argument.

Considering first the assigned error that the verdict is not sustained by sufficient evidence and is contrary to law, from the evidence and reasonable inferences that might be drawn therefrom most favorable to appellee, the following facts appear:

Appellant was driving in an easterly direction on East 32nd Street in the City of Anderson, Indiana, and was approaching the intersection of 32nd Street and Jefferson Streets. It was daylight and the weather was clear. Appellant testified that she first heard the thud of the impact of the car striking the child, and then saw the child and her hair ribbon. While the evidence is conflicting as to the exact point of impact, considering the testimony of the witnesses and all of the circumstances surrounding the accident, it seems clear that the jury could have properly concluded that the child, Beth Ann Hocutt, a child of 28 months, had moved from the curb, on the south side of 32nd Street, at the intersection, and had crossed to a point beyond the center line of such street, when

she was struck by the left front fender of appellant's automobile. After the accident the appellant's car stopped three feet west of the east line of Jefferson Street. Candy, which the child was carrying, was found within the street intersection some three or four feet south of the north line of 32nd Street, and five or six feet east of the west line of Jefferson Street. Such evidence would support the allegations of negligence in appellee's complaint that appellant failed to keep a proper look-out so that with due care she could stop her automobile to avoid striking persons crossing such a street ahead of, or east of her automobile. The verdict was sustained by sufficient evidence, and was not contrary to law.

Further specification of error is that the court erred in permitting one Dr. Ross to answer that his medical report was for an insurance adjustment company. However, the objection made to the question which elicited the answer from Dr. Ross was, that "it (the report) was never shown to the parties." (Our parenthesis) The appellant has not shown the substance nor contents of his motion to strike the answer and withdraw the consideration of the jury, nor is it shown that the appellant moved the court to admonish the jury. Therefore, it does not appear that appellant presented to the trial court the objections urged in the appeal, that the element of insurance was improperly injected into the trial. The question whether error has been committed by reason of the injection of improper matters before the jury, must be considered in the light of whether a trial judge has abused his discretion in the management of a trial with due regard to the rights of the parties. In order to raise such questions it is necessary for counsel to take the following steps: (1) To promptly interpose and state their

objections to the objectionable language or testimony and request the court to so instruct the jury as to counteract any harmful effect of such language or testimony, and if granted, and such instructions were not sufficient to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or testimony, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter. *Ramseyer, Exr.* v. *Dennis* (1918), 187 Ind. 420, 116 N. E. 417, 119 N. E. 716; *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Richmond Insurance Co. of New York* v. *Boetticher* (1938), 105 Ind. App. 558, 12 N. E. 2d 1005; *Powell* v. *Ellis* (1952), 122 Ind. App. 700, 105 N. E. 2d 348.

The appellant asserts that the court erred in giving Instruction No. 26½ on its own motion, which instruction recited, "that the *defendant* has submitted Eleven (11) interrogatories for the jury to answer." (Our emphasis) The appellant contends that such instruction is erroneous in that it instructs the jury that the interrogatories were requested by the defendant, which is improper and highly prejudicial to the defendant and injects a new element for the consideration of the jury. Appellant's sole authority in support of this assigned error is the case of *Terre Haute Traction, etc., Co.* v. *Payne* (1910), 45 Ind. App. 132, 89 N. E. 413. The opinion in that case by this court contains the following statement:

"In the Seventh instruction, the court, in submitting interrogatories to be answered and returned with the general verdict, used this language: 'The defendant requests the interrogatories,' and then follows the interrogatories requested. Appellant claims that the interrogatories are presumed

to come from the court, and the use of the expression the 'defendant requests' was prejudicial to appellant. We think the expression used is open to criticism, but do not see in it any ground for reversal."

Error is asserted in the court's refusal to withdraw submission because of a statement by appellee's attorney in his final argument, that the only issue to be decided was the amount of damages to be assessed. Counsel concedes in his brief that the court directed the jury to disregard this statement. The law is well settled that the trial court's decision on matters of alleged misconduct of counsel will not be disturbed on appeal unless it appears that the court has abused its discretion, and that the complaining party has been harmed thereby. *King* v. *Ransburg* (1942), 111 Ind. App. 523, 39 N. E. 2d 822. In view of the court's admonition, and the absence of any motion or showing by appellant that such harm could not be cured by any action the court might take in the matter, reversible error in this connection has not been shown. *Ramseyer, Exr.* v. *Dennis, supra.*

We find no reversible error, and it appearing to this court that the case was fairly tried and a just result reached and determined in the court below, the judgment is therefore affirmed.

NOTE.—Reported in 128 N. E. 2d 879.