WILSON ET AL. *v.* SMITH.

[No. 18,729.   Filed March 22, 1956.]

*Jerrald O. Finney,* of Anderson, and *Wagoner & Cochran,* of Marion, for appellants.

*DeArmond, Booram & DeArmond, Lawrence Booram,* (of counsel) of Anderson, and *Campbell, Gemmill, Browne, Ewer & Torrance,* of Marion, for appellee.

KENDALL, J.—Appellee recovered judgment as a result of a jury verdict against appellants for damages for assault and battery in the sum of Three Thousand ($3,000.00) Dollars.

Her amended complaint alleged that Henry W. Wilson inflicted a gun-shot wound on her, which shooting was encouraged and aided by Frances Wilson. Appellants filed appropriate answers, as well as counterclaim for damages, to which replies were filed. Appellants filed motion for new trial containing several specifications; however, upon appeal, specification number seven is the only one urged for reversal. Such specification generally alleged that appellee by her counsel was guilty of misconduct during the course of the trial in that counsel for appellee conversed with various jurors in each of the three days of the four-day trial. Attached to the motion for new trial were affidavits executed by appellants' witnesses and counsel. Appellee filed counter-affidavits thereto signed by women who were on the jury that returned the verdict, substantially denying the allegations of the appellants' affidavits.

The assignment of error is the overruling of appellants' motion for new trial.

Specification number seven is based upon the following remarks of counsel made by way of an objection as shown in the motion for new trial, as follows:

"a. 'By Mr. Finney, attorney for defendants:
"We would like to dictate into the record an objection. We would like the record to show that during the recess at 2:30 P.M. (December 14, 1954) that attorneys for plaintiff, Lawrence Boorham and John R. Browne, were observed by Lloyd Cochran and Jerald O. Finney, attorneys for defendants, engaged in a conversation in the corridor with Juror Waldo Matchett and Juror Landa Lord. At this time, we move the Court to instruct counsel for the plaintiff not to converse with jurors.

We do not mean to imply that anything improper was said.

"By the Court:

Is your objection made for the purpose of mis-trial?

"By Mr. Finney:

No, no. But we thought the attorneys for the plaintiff should be warned about talking to the members of the jury.

"By the Court:

If the objection is not made for the purpose of mis-trial, then it is overruled, and is to be stricken from the record.

"By Mr. Finney:

No, it isn't for mis-trial.' "

The position now taken by appellants on appeal is inconsistent with the appellants' position at the time of and the filing of the motion for new trial. If appellants' contention was not error, during the course of the trial, then, under no condition can their contentions be error upon appeal. The trial court had a right to presume at the time he was ruling upon the remarks of appellant that what counsel for appellant was stating to the court by way of an objection was made in sincerity and truthfulness, and to permit such remarks to be considered otherwise on appeal would be unconscionable. The trial court expressly asked if the objection was made for the purpose of mis-trial, and was advised by counsel, "No it was not for mis-trial". Accordingly, therefore, no question is presented to this court by specification number seven.

Notwithstanding that appellants' remarks to the trial court were made for the purpose of warning appellee's counsel about talking to the jury, no error was committed by the trial court since the trial court had all of these matters before it in the ruling on the motion

for new trial, including the affidavits and counter-affidavits. The weight thereof and the credit to be given them became a matter solely for the determination of the trial court, it having been determined adversely to the contention of appellants and in obedience to the well-settled rule of appellate procedure, this court must abide by its ruling. *Messenger* v. *State* (1898), 152 Ind. 227, 52 N. E. 147. There is no showing that the court abused its discretion in this particular.

In the recent case of *Kelley* v. *Hocutt* (1955), 125 Ind. App. 617, 128 N. E. 2d 879, this court said:

"The law is well settled that the trial court's decision on matters of alleged misconduct of counsel will not be disturbed on appeal unless it appears that the court has abused its discretion, and that the complaining party has been harmed thereby. *King* v. *Ransburg* (1942), 111 Ind. App. 523, 39 N. E. 2d 822, 40 N. E. 2d 999."

Appellant relies upon the case of *Woods* v. *State* (1954), 233 Ind. 320, 119 N. E. 2d 558, and Canon 23 of the Canons of Legal Ethics. The facts of that case are not comparable to the ones under consideration, for in that case the evidence as to misconduct was not controverted or contradicted, while in the present case, such alleged talking between appellee's counsel and the jury is contradicted or denied or explained by affidavits.

Judgment affirmed.

NOTE.—Reported in 133 N. E. 2d 84.