127 Ind. App. 426 (1957)
143 N.E.2d 105
PERKINS
v.
SULLIVAN
No. 18,807.
Court of Appeals of Indiana.
Filed May 22, 1957.
*427 Wendell B. Iddings, John W. Donaldson, Hutchinson & Donaldson, all of Lebanon, and Richard J. Groover, of Danville, for appellant.
J. Gordon Gibbs, of Danville, and Howard S. Young, Jr., of Indianapolis, for appellee.
PFAFF, J.
Appellant brought this action against appellee to recover damages for the death of his son, Edwin Perkins, allegedly caused by the negligence of said appellee in the operation of his automobile. Upon the trial, verdict of the jury was in favor of appellee. Judgment accordingly. From an adverse ruling on his motion for a new trial appellant brings this appeal.
The facts disclosed by the evidence are that about noon on the 27th day of July, 1953, the appellee was driving his 1946 Plymouth automobile in the city of Lebanon, Boone County, Indiana, in a southerly direction upon a street named South East Street. The appellee stopped where said street intersects with a through *428 street named East South Street (State Road 32), then proceeded across said street. After crossing East South Street and approximately ninety feet south of said intersection, while in second gear, the appellee's automobile bumper struck the appellant's two-year old son. Although the appellee heard a sound described as a "thud", he did not know that his automobile had struck the child until the child was seen in the rear view mirrow, at which time he immediately stopped. The appellee was driving in the proper traffic lane at a rate of speed from twelve to fifteen miles per hour on a clear day, without notice of children playing in the area when the accident occured, and there were no tire skid marks at the scene to indicate that the appellee saw the child before the accident occurred. The appellee was looking for a place to park his automobile but parked automobiles occupied both sides of the street except for a small place from which the child apparently darted into the street and a space across the street from where the accident occurred.
It cannot be said as a matter of law that appellee was guilty of negligence for using an automobile as a means of conveyance on the public highway. Indiana Springs Co. v. Brown (1905), 165 Ind. 465, 74 N.E. 615, 1 L.R.A. (N.S.) 238. In this case there is no showing that appellee was using his automobile in such a way as to cause injury to others. Brinkman v. Pacholke (1907), 41 Ind. App. 662, 84 N.E. 762. In Neal, Admr. v. Home Builders, Inc. (1952), 232 Ind. 160, 111 N.E.2d 280, 111 N.E.2d 713, our Supreme Court said:
"In this state the only degree of care required is always the care which an ordinarily prudent person would exercise under the same or similar circumstances. Jones V. Cary (1941), 219 Ind. 268, 279, 37 N.E.2d 944; Fields v. Hahn (1945), 115 Ind. App. 365, 57 N.E.2d 955."
*429 Therefore, any error committed must of necessity pertain to the question of negligence.
The plantiff assigned eleven grounds of error in his motion for a new trial, of which three have been waived on this appeal. The remaining eight are as follows:
1. The court erred in refusing to give certain instructions tendered and requested by the appellant.
2. The court erred in giving certain instructions tendered by the appellee.
3. The court erred in giving certain instructions of its own motion.
4. The court erred in admitting certain evidence over the objection of the appellant.
5. The court erred in refusing to permit the appellee to answer a certain question on cross-examination.
6. The court erred in refusing to permit appellant to answer a certain question on direct examination.
7. The court erred in refusing to permit the wife of appellant to answer certain questions as a rebuttal witness under direct examination.
8, 9, and 10, waived.
11. The court committed prejudical error in giving (7) instructions on contributory negligence of the appellant when there was no evidence of such and in giving three instructions concerning negligence of the appellee.
Assigned errors 4, 5, 6 and 7 are not material to the appellant's case in establishing negligence on the part of the appellee. An appellate court will not reverse for error in the admission or rejection of evidence, unless the error resulted in harm. American Employers' Ins. Co. v. Cornell (1948), 225 Ind. 559, 576, 76 N.E.2d 562.
Because of the conclusion we have reached, assigned *430 errors 1, 2, 3 and 11, pertaining to alleged erroneous instructions, are not material in this case. Sweeney v. Vierbuchen (1946), 224 Ind. 341, 347, 66 N.E.2d 764:
"... `In considering the effect of an erroneous instruction this court assumes that the error influenced the result, unless it appears from the interrogatories, the evidence or some other part of the record that the verdict under proper instructions could not have been different.' Probst, Receiver v. Spitznagle (1939), 215 Ind. 402, 408, 19 N.E.2d 263; City of Decatur v. Eady (1917), 186 Ind. 205, 115 N.E. 577."
See also American Employers' Ins. Co. v. Cornell, supra; Hayes Freight Lines v. Wilson (1948) 226 Ind. 1, 13, 77 N.E.2d 580; Dallas & Mavis Fwdg. Co., Inc. v. Liddell (1955), 234 Ind. 652, 654, 130 N.E.2d 459; Nepsha v. Wozniak (1950), 120 Ind. App. 362, 366, 92 N.E.2d 734; Cleveland, etc. R. Co. v. Case (1910), 174 Ind. 369, 91 N.E. 238; Hoesel v. Cain; Kahler v. Cain (1943), 222 Ind. 330, 53 N.E.2d 165, 53 N.E.2d 769.
We hold in this case that the verdict under proper instructions could not have been different since the record is totally devoid of evidence or inferences therefrom tending to establish negligence or want of due care on the part of the appellee nor did the court's exclusion of evidence constitute reversible error unless such evidence would have tended to establish negligence on the part of the appellee. We have examined all such instances and find that the excluded evidence had to do with the question of contributory negligence and not negligence on the part of the appellee.
For the reasons stated herein, judgment affirmed. Kelley, P.J. Cooper, Crumpacker, Royse, JJ. concur; Bowen, C.J. dissents with opinion to follow.

DISSENTING OPINION
BOWEN, J.
I cannot agree with the majority opinion *431 in this case. The holding is based upon the conclusion that the record is totally devoid of evidence or inferences therefrom tending to establish negligence or want of due care on the part of the appellee. Therefore upon such major premise that appellant was guilty of negligence as a matter of law the majority concluded that the verdict could not have been different regardless of the various errors assigned by the appellant, and the judgment was affirmed without any consideration of the other errors.
The rule is firmly settled in this state that the question of negligence is primarily for the jury, and that it only becomes a question of law when there is no dispute in the evidence and but one reasonable inference may be drawn therefrom. Johnson v. Wilson, Admx. (1937), 211 Ind. 51, 5 N.E.2d 533; Gamble v. Lewis (1949), 227 Ind. 455, 85 N.E.2d 629; H.E. McGonigal, Inc. v. Etherington (1948) 118 Ind. App. 622, 79 N.E.2d 777; Red Cab, Inc. v. White (1938), 213 Ind. 269, 12 N.E.2d 356; Neuwelt v. Roush (1949), 119 Ind. App. 481, 85 N.E.2d 506.
In a recent case, this court upheld a verdict of actionable negligence in a case very similar on the facts to the instant case. Kelley v. Hocutt, by Next Friend, etc. (1955), 125 Ind. App. 617, 128 N.E.2d 879.
An eye witness to the accident in the case at bar, one Jules Sloan testified that the appellee stopped his car about three or four car lengths from where the boy was. That appellee didn't make any attempt to slow down and that appellee's car just more or less rolled the child in between the wheels. This testimony together with the evidence recited in the majority opinion that appellee was looking for a place to park and "that there were no tire skid marks at the scene to indicate that the appellee saw the child before the accident occurred," it seems to me was clearly sufficient *432 to have established a reasonable inference that the appellee was guilty of the act of negligence charged in that he failed to keep a proper look-out. I therefore cannot agree with the conclusion stated that the record was devoid of evidence or inferences therefrom tending to establish negligence and I feel that this court should have considered the other specifications of error.
In my opinion there was obvious error in the admission of evidence which, while mainly related to the question of contributory negligence, was evidence that would have related to the question of the circumstances surrounding the accident, and as such bore an indirect connection with the matter of appellee's negligence, and would without question improperly affect the result of this cause.
The court permitted the witness Pauline Warner to testify that she had seen the little boy Edwin Perkins playing out in the street on the day before the accident. (My emphasis). The court permitted this evidence of this one instance to go in on the ground, as stated by the trial court, that it was proper as proof of habit, and proper objection was made to such questions by the appellant and error reserved and assigned in this appeal.
In my opinion it cannot seriously be questioned that this action of the trial court was clearly reversible error. Banner v. Hohman (1938), 104 Ind. App. 637, 11 N.E.2d 509; 15 A.L.R. 125; 18 A.L.R. 1109. In Lynch v. Bates (1894), 139 Ind. 206, (p. 212), 38 N.E. 806, the court stated: "The word habit has a clear and well understood meaning, being nearly the same as custom and cannot be applied to a single act."
Not only was improper evidence admitted which was highly prejudicial, but also, there was error in the giving of instructions, and in the principles of law as announced in the trial in the court below contravening *433 the rule in Thompson v. Town of Fort Branch (1931), 204 Ind. 152, 178 N.E. 440, as to the nature of the cause of action. The decisions relied on by appellee were prior to the present statute giving a father a cause of action for injury or death of his child. Acts of General Assembly 1951, Ch. 112, § 1, p. 307, § 2-217, Burns' 1946 Replacement, Acts 1881 (Special Session) Ch. 38, § 29, p. 240.
Furthermore, the result of the principles of law enunciated by the trial court in its ruling on the instructions given and refused is the announcement of an erroneous rule imputing the negligence of one parent to the other parent in a second parent's action for loss of services without a showing of privity by contract or agency. Union Traction Co. v. Gaunt (1923), 193 Ind. 109, 135 N.E. 486; The City of Evansville v. Senhenn (1892), 151 Ind. 42, 47 N.E. 634, 51 N.E. 88.
In my opinion the judgment in the court below should be reversed.
NOTE.  Reported in 143 N.E.2d 105.