## THE CITY OF ANDERSON *v.* HERVEY.

NEGLIGENCE.—*Complaint.—Averment denying Contributory Negligence.—Arrest of Judgment.*—A complaint for damages for alleged acts of negligence, specifically charged, closed with the words " all without any fault on " the plaintiff's " part."

*Held*, on motion in arrest, that contributory negligence is sufficiently denied.

SUPREME COURT.—*New Trial.—Leading Question.*—No question as to the asking of a leading question can be presented to the Supreme Court, unless made a ground for a new trial.

From the Madison Circuit Court.

*C. D. Thompson*, for appellant.

*W. R. Pierse*, for appellee.

NIBLACK, J.—This is an appeal from a judgment obtained in the court below, by Salena Hervey, against the City of Anderson, in an action for an alleged injury to her real estate.

The complaint averred, that a considerable portion of the surface water of said city was accustomed to flow over and across her lot, within said city, through a ditch constructed for that purpose ; that, by reason of certain improvements made by said city, the flow of water over and across her said lot had been greatly increased, and that said ditch had negligently been permitted by the city to become and to remain out of repair, by means of which her lot was overflowed and inundated, thereby seriously injuring her house and cellar and destroying her garden fruit, trees and shrubbery ; all without any fault on her part.

The jury trying the cause returned a verdict for the plaintiff, assessing her damages at two hundred dollars, and, after refusing a new trial, the court rendered judgment upon the verdict.

Although several errors are assigned, but two questions are really presented by them:

1st. Was the complaint sufficient to sustain the action ?

2d. Did the court err in overruling the appellant's motion for a new trial?

The objection urged to the complaint is, that it was not sufficiently shown that the plaintiff had. not been guilty of contributory negligence on her part. We think, however, that the concluding averment, "all without any fault on her part," was quite sufficient to meet the objection thus urged. Clearly so, when, as in this case, the sufficiency of the complaint is first attacked by a motion in arrest of judgment.

It is insisted that the court erred in permitting the plaintiff, while on the stand as a witness, and testifying in her own behalf, to answer certain leading questions propounded to her by her attorney, and that, for that reason, a new trial ought to have been granted. But the error supposed to have been thus committed was not assigned as a cause for a new trial; consequently, no question can now be raised upon it in this court. A supposed error, assigned upon the trial, is waived by not assigning it as a cause for a new trial.

No question is made here upon any of the causes which were assigned for a new trial in the court below. Hence, no error is shown in the refusal of the court to grant a new trial.

The judgment is affirmed, with costs and five per cent. damages.