CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. WISEHART.

[No. 20,010.   Filed June 26, 1903.]

WATERS AND WATERCOURSES.—*Obstruction by Railroad.*—*Negligence.*—*Damages.*—A railroad company in the construction of a railroad across a watercourse is required to exercise care and skill in order to avoid injury or damage to the property of another; but the company is not to be considered or held as an absolute insurer against all injury or damage. *pp. 212, 213.*

SAME.—*Obstruction by Railroad.*—*Damages to Adjoining Lands.*—In the absence of wilfulness or negligence, a railroad company is not liable for damages to adjoining lands arising from the obstruction of a watercourse by a roadbed embankment. *pp. 213–215.*

SAME.—*Obstruction by Railroad.*—*Damages.*—*Contributory Negligence.*—In an action against a railroad company for damages to adjoining land caused by the negligent obstruction of a watercourse, the complaint must aver that plaintiff was without fault or negligence on his part. *pp. 215, 216.*

From Henry Circuit Court;   *W. O. Barnard*, Judge.

Action by Sarah A. Wisehart against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals.   Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*M. E. Forkner* and *G. D. Forkner*, for appellant.
*W. A. Brown* and *F. C. Gause*, for appellee.

JORDAN, J.—Appellee successfully prosecuted this action against appellant railroad company for damages arising out of an alleged tort committed (1) by flowing water from a natural watercourse onto her lands; (2) in gathering surface-water into a basin upon its right of way and

discharging such water onto her premises. The cause was submitted to the jury upon the second, third, and fourth paragraphs of the complaint. The record expressly discloses that the jury found in favor of appellee upon the third and fourth paragraphs.

Alleged errors based on overruling the demurrer to each of the two latter paragraphs, and in denying a motion for a new trial, are discussed and urged by counsel for appellant for a reversal of the judgment below.

The third paragraph of the complaint alleges the plaintiff's ownership of the lands described, and avers that the defendant is a railroad company and corporation owning and operating a railroad through Henry county, Indiana; that its right of way abuts on the north the lands of the appellee. The pleading then alleges as follows: "That there is and has been from time immemorial an ancient natural watercourse on and across the lands of the plaintiff herein described, in which said watercourse the water has flowed from a northeasterly direction on and across the lands of the plaintiff in a general southwesterly direction, and prior to the construction of the road and roadbed of the defendant said waters flowed in an ancient natural watercourse from off the lands of the plaintiff into and across the lands immediately adjoining upon the south, and thence southwesterly, as an ancient and natural watercourse to Blue river; that at the time the defendant acquired title to the right of way, it constructed on and upon said right of way, along the south line of the plaintiff's said land, and adjacent thereto, a roadbed of earth and timbers, and so constructed the same as completely to fill up and obstruct said natural watercourse, and completely to cut off and prevent the water so flowing in said natural watercourse from off the lands of the plaintiff; and for the purpose of conducting the water so flowing in said watercourse from the point where said defendant so obstructed

said watercourse westwardly to Blue river, a distance of about forty rods, it dug and constructed an open ditch and channel from said point of said obstruction to said river, and thereby diverted the water from its natural course at said point; that said ditch so constructed from said point of obstruction was at said time, and ever since has been, entirely inadequate to carry the water so flowing in said natural bed across the lands of the plaintiff from said point of obstruction to said Blue river; that at the time said defendant so constructed its said roadbed along, and adjacent thereto, the lands of the plaintiff as aforesaid, it constructed a large trestle bridge as a part of its said road-bed, about fifteen feet high and 150 feet long, the east end of which adjoins up to a high earth embankment near the southwest corner of the lands of the plaintiff above described, which said trestle bridge extended from thence west 150 feet, and over and across a public highway, and over and across said Blue river and the lowlands adjacent thereto; that afterwards, and prior to the time of the further grievances herein stated, the defendant built and constructed a large embankment where said bridge stood, and by that means and thereby caused the earth used in said construction to spread off of its right of way on the north side thereof, and fall into and fill up the ditch and waterway which it had constructed from the point of said obstruction aforesaid, and has ever since permitted and allowed said waterway to become, be, and remain obstructed so as to prevent the water from flowing therein to said Blue river; that said ditch and waterway, so constructed by said defendant, from the point where it cut off and obstructed said natural watercourse by the construction of said embankment, is partly cut and dug on the lands of the plaintiff, and on land adjoining on the west owned by persons other than defendant; that by reason of which the water so flowing in said natural watercourse across the lands of the plaintiff, thence into the ditch and waterway so con-

structed by the defendant as aforesaid, the water backs upon the lands of the defendant, and stands in pools and stagnates in the summer time upon the lands 'of the plaintiff, and spreads out and overflows said lands so as completely to drown and destroy the crops of the plaintiff, and render said land wholly unfit for cultivation."

It is contended that this third paragraph of complaint is insufficient on demurrer, and several reasons are assigned, among which it is said that the act of which appellee complains is not shown by any direct averments of fact to be due to the negligence of appellant; the argument being advanced as follows: "The defendant, in doing what it did, was in the lawful exercise of its corporate rights. It was especially authorized by statute to divert and fill up the stream, and the right to dig side ditches and drain surface-water off its right of way is a right inherent in all railroad companies, incident to the very act of constructing and maintaining the road. It is certainly elementary that no action can arise from the doing of a lawful act in a lawful manner, and unless it is done in an unlawful, wrongful, or negligent manner; and, wherever the act complained of is or may be in itself lawful, in order to constitute a good cause of action based thereon, the complaint must aver that the lawful act was unlawfully done, wrongfully, negligently, or carelessly. This the complaint in this case nowhere avers."

It will be observed that what is alleged in the first part of the pleading in question discloses that appellant, in the construction of its roadway at the time it acquired title to its right of way, obstructed a natural watercourse so as completely to cut off and prevent the water thereof from flowing onto the lands of the appellee, and, for the purpose of conducting said water to Blue river, it dug and constructed an open ditch or channel, and thereby, as alleged, it diverted the water from its natural course; that said ditch was entirely inadequate to carry the water from the

point of obstruction to Blue river. These facts are apparently alleged as a matter of inducement or preliminary to the principal grievance of which appellee complains, viz., that by constructing an embankment near where it had built a trestle bridge, it caused the dirt used in the construction of said embankment "to spread off of its right of way," and to fall into and fill up the ditch or waterway which it had constructed, and has ever since permitted the said artificial waterway or ditch to be and remain obstructed, so as to prevent the water from flowing therein to Blue river, and that by reason thereof the water flowing into said ditch or waterway backs upon the lands of the defendant, and stands in the summer time in stagnant pools upon the lands of the plaintiff, and spreads out and overflows the same so as to drown and destroy her crops and render said lands unfit for cultivation, etc.

Counsel for appellee interpret the pleading as follows: "The act complained of is the filling up by this appellant of the natural watercourse, and failure to restore the same to its original condition, and this act is made unlawful by the statute above quoted." The statute referred to by counsel for appellee is the fifth subdivision of §5153 Burns 1901 under which a railroad corporation is empowered "to construct its road upon or across any stream of water, watercourse, road, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream or watercourse, road or highway, thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises."

Undoubtedly a railroad company, in the exercise of its rights under this statute in constructing its road upon or across any stream or watercourse, must do so in such a manner as not thereby to injure the property of other per-

sons; and, after the crossing is made, it is required to restore such stream or watercourse to its former state, at least so far as is necessary to preserve its use and franchise. *New York, etc., R. Co.* v. *Hamlet Hay Co.*, 149 Ind. 344.

But the company, in building its road upon or across such stream or watercourse, is not to be considered or held an absolute insurer against all injury or damage to the property of others, but it is required to exercise proper care and skill under the circumstances in order to avoid injury or damage to the property of another; but beyond this it is not required to go. *Bellinger* v. *New York Cent. Railroad*, 23 N. Y. 42; *Terre Haute, etc., R. Co.* v. *McKinley*, 33 Ind. 274.

If appellee, as her counsel apparently argue, is seeking redress for damages sustained by reason of appellant's neglect properly to restore the watercourse, which, as alleged, it had obstructed in the construction of its road, such theory is not clearly disclosed by the averments of the paragraph in question. The statute hereinbefore set out expressly authorized the railroad company to construct its road upon or across the stream or watercourse in controversy, subject to the conditions therein provided, and for merely doing what the law authorized certainly affords appellee no cause of action. Appellant undoubtedly had the right to construct the trestle bridge and the embankment, as shown, on its own premises or right of way. These were necessary, as we may assume, to the successful operation of its road. Therefore, to render tortious the act of appellant in allowing or causing the dirt used in the construction of the said embankment to spread or fill up the ditch or waterway, as alleged, there should have been some averments or allegations to show that the act of filling up the ditch on its own lands, and thereby obstructing the flow of the water, was either wilfully or negligently done to the injury of appellee. *Bellinger* v. *New York Cent. Railroad*, 23 N. Y. 42; *Wallace* v. *Columbia, etc., R. Co.*, 34

S. C. 62, 12 S. E. 815; *Koch* v. *Delaware, etc., R. Co.,* 54 N. J. L. 401, 24 Atl. 442; *Pittsburg, etc., Railway* v. *Gilleland,* 56 Pa. St. 445, 94 Am. Dec. 97; *Terre Haute, etc., R. Co.* v. *McKinley,* 33 Ind. 274; *Pennsylvania Co.* v. *Marion,* 104 Ind. 239; *Powers* v. *St. Louis, etc., R. Co.,* 71 Mo. App. 540; Elliott, Railroads, §§937, 1005, 1057; 1 Chitty, Pleading, *402.

The rule is well settled that if a person does a lawful act on his own premises he is not liable for damages resulting therefrom, unless the act was so done as to constitute actionable negligence.

*Wallace* v. *Columbia, etc., R. Co., supra,* is a case, at least to an extent, very similar to the one at bar. The railroad company therein was charged with having obstructed and stopped the natural flow of a stream of water by reason of constructing a dam on its right of way, and thereby causing the water to back upon and flood the lands of the plaintiff to his damage. It was held by the court that "In an action against a railroad company for damage done to plaintiff's land, through which a right of way had been given, caused by the obstruction by defendant of flowing streams, the complaint fails to state facts sufficient to constitute a cause of action, where it does not allege any facts tending to show that the railroad company, in constructing its roadbed, wantonly or negligently or unskilfully obstructed these streams at their crossing."

In *Pittsburg, etc., Railway* v. *Gilleland, supra,* the railroad company, in order to support its roadbed, which was built over a small stream of water, dug and constructed a culvert near plaintiff's premises. This culvert, as alleged in the declaration, was entirely insufficient, and too small in time of hard rains and floods to serve as an outlet for the waters from the stream or watercourse. The defendant became the owner of the railroad and of the culvert, and continued to own and use the road with knowledge that the culvert, which was constructed by its prede-

cessor, was too small to carry off the water; and, as a consequence of its being inadequate, the flow of the water from the stream or watercourse in time of hard rains was obstructed and backed upon the lands of the plaintiff to his injury.   It was charged in the declaration that it became the duty of the defendant to enlarge the culvert and provide a free passage for the waters.   The pleading then alleged that the defendant neglected its duty in the premises, and neglected to enlarge the culvert, although notified to do so, and by reason of the negligence of the defendant in not enlarging the culvert, but in continuing to maintain it in its defective condition, the waters from the stream were backed onto the plaintiff's premises, destroying his property, etc.   The court in that case said: "The entry of a company to build its railroad being lawful, it stands as if it were on its own ground, and the maxim applies, *sic utere tuo, ut alienum non lædas.*   It should so perform its act as not to carry over its injurious consequences beyond the hurt it may lawfully inflict.   *   *   *   The test of exemption from liability for injury arising from the use of one's own property, is said to be the legitimate use or appropriation of the property in a reasonable, usual and proper manner, without any unskilfulness, negligence or malice.   *Carbars* v. *Auburn,* 22 Barb. 297.   The distinction is vital, says Thomas, J., in *Rockwood* v. *Wilson,* 11 Cush. 221, for nothing is better settled than that if one do a lawful act upon his own premises, he can not be held responsible for injurious consequences that may result from it, unless it was so done as to constitute actionable negligence.   But lawful acts may be performed in such a manner, so carelessly, negligently and with so little regard to the rights of others, that he who, in performing them, injures another, must be responsible for the damage."

There is an entire absence in the paragraph in question of any direct averments or statements of fact to show that the injury or grievance of which appellee complains was

due either to the negligence or wilfulness of appellant, and for this reason, if for no other, the pleading is insufficient on demurrer.

It is also further insisted that the paragraph is bad because it does not show that the plaintiff was without fault or negligence on her part. It is true that the rule in respect to contributory negligence has no application where the wrong is wilfully committed, but where a plaintiff seeks to recover for injury or damages to property by reason of the negligence of the defendant in the action, he is required to show in his complaint an absence of fault or negligence on his part. This rule extends and applies to actions where the negligent act or acts of the defendant consist in allowing water to flow over or upon the lands or premises of the plaintiff. *City of Anderson* v. *Hervey,* 67 Ind. 420; *City of South Bend* v. *Paxon,* 67 Ind. 228; *City of Ft. Wayne* v. *Coombs,* 107 Ind. 75, 57 Am. Rep. 82.

The fourth paragraph attempts to proceed upon the theory that the defendant has gathered large quantities of surface-water into a basin or receptacle upon its premises, and then negligently permitted such surface-water to run onto the lands of the plaintiff, to the destruction of her crops, and causing other injury and damages. This paragraph is also insufficient, for the reason alone, if for no other, that it fails to aver or show that plaintiff was without fault or negligence on her part.

Other alleged errors are argued, but, as these may not necessarily arise again upon another trial, we pass them without consideration.

Judgment reversed, and cause remanded, with instructions to the lower court to sustain the demurrer to the third and fourth paragraphs of the complaint, with leave to amend, and with permission generally to the parties, if they desire, to reform the issues.