## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. STEVENS.

[No. 7,332.   Filed November 24, 1911.   Rehearing denied March 14, 1912.]

1. WATERS AND WATERCOURSES.—*Diversion.—Complaint.—Negativing Negligence.*—In a complaint for diversion of a water course, plaintiff must show that the damage complained of was not caused or contributed to by his own fault or negligence.   p. 649.
2. PLEADING.—*Facts.—Conclusions.*—Facts are to be positively averred and mere recitals or conclusions are insufficient to state material facts.   p. 649.
3. PLEADING.—*Construction.—Presumptions.*—Where but one inference can be drawn from facts positively and directly averred they carry with them such other facts as are necessarily inferred from the facts well pleaded, but if the construction is doubtful, the doubt must be resolved against the pleader.   p. 649.
4. WATERS AND WATERCOURSES.—*Diversion.—Pleading.—Negligence.*—Negligence of plaintiff in an action for diversion of a watercourse may be negatived either by general averment or by setting forth facts showing due care.   p. 650.
5. WATERS AND WATERCOURSES.—*Damages.—Contributory Negligence.*—In an action against a railroad company for damages to adjoining land caused by the negligent obstruction of a watercourse, the complaint must aver that plaintiff was without fault or negligence on his part.   p. 650.

6. WATERS AND WATERCOURSES.—*Statutory Action.—Pleading.*— Where a statute is relied upon in an action for the alleged negligent diversion of water upon plaintiff's lands, the averments in the complaint should bring the case within its provisions or state facts so fully and directly that the court may see that the facts bring the case under the statute, without indulging in speculation or depending upon doubtful inferences. p. 651.

7. COURTS.—*Rules of Decision.—Decision of Supreme Court.*—The Appellate Court is bound by the decisions of the Supreme Court when announced, so long as they remain unchanged. p. 652.

8. DAMAGES.—*Contributory Negligence.*—An injured employee who by his own negligence contributes to his injury can not recover, though his employer's liability is based upon the violation of a positive statute. p. 652.

9. TRIAL.—*Verdict.—Apportionment of Damages.*—In a case sounding in tort the jury is not required to itemize the damage assessed. p. 653.

10. TRIAL.—*Special Interrogatories.—Form.*—A special interrogatory should call for an answer stating a single inferential and issuable fact, as distinguished from a mere evidentiary fact. p. 653.

From Ohio Circuit Court; *George E. Downey,* Judge.

Suit by Ulysses Grant Stevens against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*L. J. Hackney, F. L. Littleton* and *T. S. Cravens,* for appellant.

*Givan & Givan, McMullen & McMullen,* for appellee.

FELT, P. J.—This is an action for damages for injuries to real estate belonging to appellee, alleged to have been caused by appellant's obstructing and diverting a natural watercourse running through the lands adjoining those of appellee, by depositing in the stream earth and other material and by constructing a culvert across such stream. Trial by jury, and a verdict for $2,536, on which judgment was rendered for appellee, and from which this appeal was prayed and granted.

Appellant has assigned as error the overruling of its demurrer to each paragraph of the complaint and its motion

for a new trial. Both paragraphs of the complaint fail to aver or show that the damage complained of was not caused or contributed to by the fault or negligence of appel-

1. lee. This suit is for damages to property, and both parties agree that the statute making such averment unnecessary in personal injury suits does not apply. Appellee admits that there is no general or specific averment in the complaint which negatives his fault, but contends that the complaint shows that he could not have been guilty of negligence causing, or contributing to, the alleged damage.

In the case of *Cincinnati, etc., St. R. Co.* v. *Klump* (1906), 37 Ind. App. 660, cited by appellee, the complaint was for an injury to personal property, and it alleged that the wagon was being driven "with due care and prudence," and the court held the averment sufficient to show the plaintiff's freedom from negligence. It has also been held sufficient to allege that the damage was caused "wholly and exclusively" by the negligence of defendant, or averments of similar import.

The general rule must be recognized, that facts are to be positively averred, and that mere recitals or conclusions are insufficient to state material facts; that it will be

2. presumed a pleading is as favorable to the party pleading as the facts will warrant, and that inferences will not be indulged to supply essential facts.

This general rule is, however, subject to the qualification that the facts positively and directly averred carry with them into the pleading such other facts as are neces-

3. sarily inferred from the facts well pleaded, where but one inference can be drawn therefrom, but if the construction is doubtful, the doubt must be resolved against the pleader. *Douthit* v. *Mohr* (1889), 116 Ind. 482; *W. B. Conkey Co.* v. *Larsen* (1910), 173 Ind. 585, 590, 29 L. R. A. (N. S.) 116; *Holcomb* v. *Norman* (1911), 47 Ind. App. 87, 90; *Pittsburgh, etc., R. Co.* v. *Rogers* (1910), 45 Ind. App. 230, 239; *Holliday & Wyon Co.* v. *O'Donnell* (1909), 44

Ind. App. 647, 654; *Cleveland, etc., R. Co.* v. *Heineman* (1910), 46 Ind. App. 388.

Negligence on the part of plaintiff may be negatived either by a general averment or by setting forth specific facts to show due care, but to be sufficient the complaint must

4. in some way show plaintiff's freedom from negligence. *New York, etc., R. Co.* v. *Mushrush* (1894), 11 Ind. App. 192; *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361; *Cincinnati, etc., St. R. Co.* v. *Klump, supra; Cincinnati, etc., R. Co.* v. *Hiltzhauer* (1885), 99 Ind. 486, 490; *Potter* v. *Fort Wayne, etc., Traction Co.* (1909), 43 Ind. App. 427.

The case of *Cleveland, etc., R. Co.* v. *Wisehart* (1903), 161 Ind. 208, is so similar to this one, in respect to the nature of the action and the facts averred, as to be

5. decisive of the question presented by the ruling on the demurrer to the complaint in this case, unless there is later authority warranting us in holding that it is not necessary to show plaintiff's freedom from contributory negligence. See, also, *City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 57 Am. Rep. 82; *City of Anderson* v. *Hervey* (1879), 67 Ind. 420.

Applying the most liberal rule of construction permissible under our statutes and decisions, we are unable to find that the negligence of appellee is negatived either by a general averment or by the specific facts alleged.

In the case of *Cleveland, etc., R. Co.* v. *Wisehart, supra,* the court said on page 213: "If appellee, as her counsel apparently argue, is seeking redress for damages sustained by reason of appellant's neglect properly to restore the watercourse, which, as alleged, it had obstructed in the construction of its road, such theory is not clearly disclosed by the averments of the paragraph in question. The statute hereinbefore set out expressly authorized the railroad company to construct its road upon or across the stream or watercourse in controversy, subject to the conditions

therein provided, and for merely doing what the law authorized certainly affords appellee no cause of action. Appellant undoubtedly had the right to construct the trestle bridge and the embankment, as shown, on its own premises or right of way. These were necessary, as we may assume, to the successful operation of its road. Therefore, to render tortious the act of appellant in allowing or causing the dirt used in the construction of the said embankment to spread or fill up the ditch or waterway, as alleged, there should have been some averments or allegations to show that the act of filling up the ditch on its own lands, and thereby obstructing the flow of the water, was either wilfully or negligently done to the injury of appellee.'' On page 216 of the same case it is said: ''It is true that the rule in respect to contributory negligence has no application where the wrong is wilfully committed, but where a plaintiff seeks to recover for injury or damages to property by reason of the negligence of the defendant in the action, he is required to show in his complaint an absence of fault or negligence on his part. This rule extends and applies to actions where the negligent act or acts of the defendant consist in allowing the water to flow over or upon the lands or premises of the plaintiff.'' See, also, *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621.

Evidently the complaint in the case at bar was not drawn with the idea of basing liability on the violation of the statute (§5195, clause 5, Burns 1908, §3903 R. S. 1881), for there is no averment that defendant either did, or failed to do, anything in violation of the statute. If the statute is to be relied on, the averments should bring the case within its provisions, or state the facts so fully and directly that the court may see that the facts bring the case under the statute, without indulging in speculation or depending on doubtful inferences. The complaint clearly counts on the alleged negligent acts of defendant, independent of any statute.

In the case of *Graham* v. *Chicago, etc., R. Co.* (1906), 39 Ind. App. 294, this court held that a direct violation of the foregoing statute gives a right of action to one injured thereby, but the question of the necessity of pleading the plaintiff's freedom from contributory negligence was not considered or determined by the court. While a transfer of the latter case was denied by the Supreme Court, we cannot say that by such denial the court overruled the case of *Cleveland, etc., R. Co.* v. *Wisehart, supra,* where the question was directly in issue and was decided. We are

7.  bound by the decisions of the Supreme Court, when announced, so long as they remain unchanged. The doctrine of the case last cited seems sound in principle, and is well supported by authority.

The case of *Kelsay* v. *Chicago, etc., Railroad* (1908), 41 Ind. App. 128, was based on a penal statute which also provided for civil damages to a person suffering injury by its violation. The case recognizes the doctrine of the case of *Cleveland, etc., R. Co.* v. *Wisehart, supra,* that a person who does a lawful act on his own premises is not liable for damages resulting therefrom, unless the act is so done as to constitute actionable negligence, but holds that the doctrine is not applicable to a case based on a violation of the statute there under consideration.

The necessity of pleading plaintiff's freedom from contributory negligence in personal injury suits has been removed by statute, but the rule still obtains that if

8.  an employe, by his own negligence, contributes to his injury, he cannot recover, though his employer's liability is based on the violation of a positive statute. *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 162, 58 L. R. A. 944.

These holdings indicate that but for the statute changing the rule of pleading and making contributory negligence a matter of defense, the plaintiff in such cases would be required to plead and prove his freedom from contributory

negligence. This may also be said of cases against railroad corporations, where the cause of action arises from failure to sound the whistle or ring the bell, as required by the statute. This is a penal statute, and also provides for civil damages to persons injured as a result of the violation thereof. §§5431, 5432 Burns 1908, §§4020, 4021 R. S. 1881. See *Rich* v. *Evansville, etc., R. Co.* (1903), 31 Ind. App. 10; *Chicago, etc., R. Co.* v. *Thomas* (1897), 147 Ind. 35; *Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524.

Without discussing the interrogatories rejected by the court, we think it sufficient to say that the action of the court in that respect is justified, for the reason that in a case sounding in tort the jury is not required to itemize the damage assessed, and for the further reason that an interrogatory should call for an answer stating a single inferential and issuable fact, as distinguished from a mere evidentiary fact. *Ohio, etc., R. Co.* v. *Judy* (1889), 120 Ind. 397, 401; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 389; *Skillen* v. *Jones* (1873), 44 Ind. 136, 150; *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663; *Taylor* v. *Canaday* (1901), 155 Ind. 671; *Board, etc.,* v. *Bonebrake* (1896), 146 Ind. 311.

The judgment is reversed, with instructions to the lower court to sustain the demurrer to the several paragraphs of complaint, to permit the parties to amend their pleadings if desired, and for further proceedings in accordance with this opinion.