## SHOEMAKER *v.* INDIANA RAILWAYS AND LIGHT COMPANY.

[No. 10,958. Filed January 4, 1922.]

1. RAILROADS.—*Interurban.*—*Obstruction of Stream.*—*Negligence.*—*Burden of Proof.*—*Statutes.*—Under §5675 Burns 1914, Acts 1901 p. 461, granting interurban railroad companies the right to construct their roads across any stream so as not to interfere with the free use thereof or to impair its usefulness, a landowner cannot recover from an interurban railroad company for damage to his land from flooding caused by the construction and maintenance of a bridge over a stream, unless the bridge was negligently constructed, and he has the burden of proving that the company failed to fulfill the conditions of such statute, though the answer was only a general denial. p. 268.

2. APPEAL.—*Review.*—*Incomplete Instructions.*—*Duty to Request More Complete Instruction.*—*Failure to Require Consideration of all the Evidence.*—An instruction that, if plaintiff failed to prove the material allegations of his complaint, the verdict should be for defendant, *held* not objectionable as ex-

cluding from the consideration of the jury any evidence favorable to plaintiff that may have been introduced by defendant, in view of other instructions informing the jury that it should consider all the evidence, etc., it being plaintiff's duty, if he desired more complete instructions on the subject, to tender them with a proper request. p. 268.

3. APPEAL.—Review.—Instructions.—Requiring Proof to the "Satisfaction" of the Jury.—An instruction, that the plaintiff could not recover in the absence of proof of negligence to the "satisfaction" of the jury, was not erroneous as placing upon plaintiff a greater burden of proof than the law required him to assume, though the use of the word "satisfaction" is subject to criticism. p. 270.

4. RAILROADS.—Interurban.—Obstruction of Streams.—Trial.—Instructions.—Negligence.—In an action against an interurban railroad company to recover for injury to land from flooding caused by the alleged negligent construction and maintenance of a bridge and embankment over a stream, the giving of an instruction requiring plaintiff to prove "that the defendant had been guilty of wrongful conduct which is charged in the complaint, relating to the construction and maintenance of said bridge and embankment," was not objectionable as requiring plaintiff to prove negligence in the construction and maintenance of the bridge and negligence in the maintenance and construction of the embankment, when considered in connection with the complaint and instructions given at plaintiff's request which showed that it was plaintiff's theory that the construction and maintenance of the bridge and embankment constituted but a single act. p. 271.

5. APPEAL.— Review.— Harmless Error.— Instructions.— Negligence in the Construction and Maintenance of a Bridge.—In an action for damage to land from flooding due to the obstruction of a stream by the construction of a railroad bridge, instructions that it was the railroad's duty in the construction and maintenance of its bridge to employ an engineer of at least ordinary competence and skill, and to exercise a reasonable degree of care and prudence, so as to guard against injury or damage which could be reasonably anticipated, and that it was for the jury to determine from all the facts and circumstances in evidence whether the railroad company had wrongfully and unnecessarily injured plaintiff's land, if erroneous, were harmless to plaintiff, where the case was tried on the theory that the railroad company was guilty of negligence in the construction and maintenance of its bridge. p. 273.

From Clinton Circuit Court; *Joseph Combs*, Judge.

Action by Jacob Shoemaker against the Indiana Railways and Light Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Earl F. Gruber* and *Barnabas C. Moon,* for appellant.
*Bell, Kirkpatrick & McClure* and *Lex J. Kirkpatrick,* for appellee.

McMAHAN, J.—Complaint by appellant against appellee to recover damages for the alleged flooding of certain land, owned by appellant, by the construction of its railway embankment and an insufficient bridge across Killmore Creek. The complaint in substance alleges that appellee owned and for years maintained an interurban railroad from Kokomo to Frankfort, extending across appellant's land and crossing said creek at a point about 200 feet north of the northeast corner of said lands. When the railroad was constructed appellee placed a concrete bridge across the creek. This bridge was destroyed by the 1913 flood. The railroad was first constructed so that the grade thereto extended across the high-water channel of the creek and totally closed the water channel except that part occupied by bridge. In 1913, appellee constructed a new bridge of slightly larger capacity than the old one, but it was insufficient to carry the water which necessarily passed through the creek, and from the time of the construction of the new bridge in 1913, appellee so maintained such bridge and embankment as to make the channel of the creek less than it had been from time immemorial. The complaint further alleges that by reason of the wrongful conduct of appellee in so obstructing the channel of the creek by the maintenance of said bridge and embankment, the water of the creek was increased by rains during the spring of each year after 1913 and could not flow through the space left under the bridge; that by reason of the conduct of appellee in constructing and main-

taining said embankment and bridge the water overflowed appellant's land and damaged same.

There was a trial by jury which resulted in a verdict and judgment for appellee from which appellant appeals. The errors assigned relate to the giving of instructions Nos. 2 and 3 given by the court on its own motion and instructions Nos. 6, 10, 14 and 16 given by the court at the request of appellee.

The objections to instructions Nos. 2 and 3 are that they "place upon plaintiff the burden of proof of defendant's failure to fulfill the conditions of the statute granting it the right to build and maintain its railroad across Killmore Creek; whereas the contention of plaintiff is that the burden of proof upon this question is upon the defendant if such defense is within the issues." Appellant insists that since the only answer is a general denial that defendant cannot under that issue confess and justify the flooding as charged in the complaint; and that a justification of the trespass must be specially pleaded.

In order to get the full force of appellant's contention it is well to keep in mind the statute authorizing interurban railroads to construct bridges across streams and the averments of the complaint. Section 5675 Burns 1914, Acts 1901 p. 461 provides that any street railroad company theretofore or thereafter organized desiring to construct or having theretofore constructed any interurban or suburban railroad shall in addition to other rights and powers theretofore granted possess the general powers and be subjected to the liabilities and restrictions as follows: "Fifth. To construct its road across any stream of water, watercourse, road, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property, and, with the consent of the authorities of the

proper county, town or city, on any street, road or highway, but the corporation shall restore the stream or watercourse, street, road or highway to its former state, or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises."

The Supreme Court in *Cleveland, etc., R. Co.* v. *Wisehart* (1903), 161 Ind. 208, 67 N. E. 993, in discussing a similar statute relative to the rights and duties of steam railroads in the construction of a bridge over a stream held that in the construction of a railroad across a watercourse the railroad company was required to exercise care and skill to avoid injury to property of another and that in the absence of unlawfulness or negligence it was not liable to adjoining lands arising from the obstruction of a watercourse by a railroad embankment. Counsel, there as here, contended that the act complained of was unlawful. In reply to that contention the court said:

"Undoubtedly a railroad company, in the exercise of its rights under this statute in constructing its road upon or across any stream or watercourse, must do so in such a manner as not thereby to injure the property of other persons; and, after the crossing is made, it is required to restore such stream or watercourse to its former state, at least so far as is necessary to preserve its use and franchise. * * * But the company, in building its road upon or across such stream or watercourse, is not to be considered or held an absolute insurer against all injury or damage to the property of others, but it is required to exercise proper care and skill under the circumstances in order to avoid injury or damage to the property of another; but beyond this it is not required to go. * * * The statute hereinbefore set out expressly authorized the railroad company to construct its road upon or across the stream or watercourse in controversy, subject to the conditions

therein provided, and for merely doing what the law authorized certainly affords appellee no cause of action. Appellant undoubtedly had the right to construct the trestle bridge and the embankment, as shown, on its own premises or right of way. These were necessary, as we may assume, to the successful operation of its road. Therefore, to render tortious the act of appellant in allowing or causing the dirt used in the construction of the said embankment to spread or fill up the ditch or waterway, as alleged, there should have been some averments or allegations to show that the act of filling up the ditch on its own lands, and thereby obstructing the flow of the water, was either wilfully or negligently done to the injury of appellee. * * * The rule is well settled that if a person does a lawful act on his own premises he is not liable for damages resulting therefrom, unless the act was so done as to constitute actionable negligence. * * *"

And in *Wallace* v. *Columbia, etc., R. Co.* (1890), 34 S. C. 62, 12 S. E. 815, cited in the Wisehart case with approval, it was held that in an action against a railroad company for damage done to land, through which a right of way had been given, by the obstruction by defendant of a flowing stream, the complaint failed to state facts sufficient to constitute a cause of action, where it failed to allege facts tending to show that the railroad company, in constructing its roadbed, wantonly, negligently or unskilfully obstructed the streams.

The court in *Cleveland, etc., R. Co.* v. *Wisehart, supra,* after reviewing the authorities, said: "There is an entire absence in the paragraph in question of any direct averments or statements of fact to show that the injury or grievance of which appellee complains was due either to the negligence or wilfulness of appellant, and for this reason, if for no other, the pleading is insufficient on demurrer."

In the recent case of *Watts* v. *Evansville, etc., R. Co.* (1921), 191 Ind. 27, 129 N. E. 315, the Supreme Court, in discussing cl. 5, §5195 Burns 1914, Acts 1911 p. 136, requiring a railroad to construct its road across a watercourse so as not to interfere with the free use of the same and providing that it should restore the stream or watercourse to its former state or in a sufficient manner not to unnecessarily impair its usefulness or injure its franchises, held that the duty imposed by statute rested upon the railroad at common law and that the statute was simply declaratory of the common law, and in discussing the duties of a railroad company in erecting and maintaining the structure there involved, it was said: "It was the duty of appellees to exercise ordinary care, in view of all these conditions, to construct and maintain its roadbed in such a manner as not to expose the lands of adjacent proprietors to the danger of being damaged by water dammed, diverted, or caused to flow in an unnatural manner, or with increased volume or current, by reason of obstructions created by the structure. If the roadbed was constructed and maintained with such openings for the passage of water, and in such a manner as persons of ordinary prudence and reasonable skill would have constructed a like work, in view of all the conditions known, or that might have been learned or foreseen by the exercise of reasonable care on their part, then the duty of appellees was fulfilled. If not so constructed, the conduct of appellees failed to measure up to the standard of care required, and they were guilty of negligence. * * * If, in erecting and maintaining the structure in question, appellees had exercised due care to provide against all dangers which might have been reasonably expected to arise from all conditions that could have been foreseen in the exercise of reasonable care and prudence, it would have been free from negligence, and

could not have been held liable for any injury resulting from an unforeseen danger; but if it failed to use reasonable care to provide against dangers likely to result from conditions which might have been reasonably foreseen it was guilty of negligence."

Appellant's complaint in the instant case charges that "by reason of the wrongful conduct of defendant in so damming up and obstructing the channel of said Killmore Creek by the maintenance therein of said railroad bridge and embankment the water of said creek could not flow through the space under, the bridge and that by reason of the conduct of defendant in so constructing and maintaining said embankment and bridge, the water was dammed up, obstructing plaintiff's land." In order that the complaint can be said to state a cause of action, it is because the allegation relative to "wrongful conduct" be construed as charging negligence on the part of appellee. The gist of the complaint is the alleged negligence of appellee.

The court committed no error in the giving of instructions Nos. 2 and 3.

Appellant contends that the court erred in giving that part of instruction No. 6 requested by appellee wherein the court said: "If you find from the evidence in the case that the plaintiff has failed to prove the material allegations of his complaint the verdict should be for the defendant." Appellant says this was erroneous because "it not only places upon the plaintiff the burden of proof of the facts alleged in the complaint but it also excludes from the consideration of the jury any evidence favorable to the plaintiff that may have been introduced by the defendant." While some of the earlier cases such as Pittsburgh, etc., R. Co. v. Lightheiser (1904), 163 Ind. 247, 71 N. E. 218, 660, and Indianapolis St. R. Co. v. Taylor (1902), 158 Ind. 274, 63 N. E. 456, support appellant's contentions, the

effect of those decisions has been materially weakened by the more recent cases of *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996; *Town of Winamac* v. *Stout* (1905), 165 Ind. 365, 75 N. E. 158, 651; *Newcastle Bridge Co.* v. *Doty* (1906), 168 Ind. 259, 79 N. E. 485; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652; and *T. J. Moss Tie Co.* v. *Hite* (1920), 190 Ind. 198, 128 N. E. 752. In the case last cited, the court in speaking of a similar instruction said: "The court did not give, neither was it asked to give, a further instruction to the effect that in determining the question of contributory negligence the jury should consider all of the evidence, whether introduced by the appellee or by the appellant. But it did give instructions which defined what was meant by a preponderance of all the evidence, and what was the effect of such a preponderance and the consequences which would follow if the evidence was equally balanced on a question of fact. And while it would have been proper to instruct the jury that they must consider all of the evidence introduced by both sides, if such an instruction had been asked, there was no error in giving these two which were correct as far as they went, and were merely incomplete. If the appellant wished more complete instructions to be given, he should have tendered them, with a proper request."

The trial court in the instant case in other instructions informed the jury that it should take into consideration the whole of the evidence and all the facts and circumstances proven in the trial and if the evidence was evenly balanced on any issue it should find against the party having the burden on such issue. Appellant could not recover unless he established the material averments of his complaint by a fair preponderance of the evidence and if the evidence were evenly balanced as to such averments he could not recover.

That part of the instruction about which complaint is made, when considered with all the other instructions given was not such as to mislead the jury. Had appellant desired more complete instructions upon the question he should have tendered such instructions with a proper request.

Instruction No. 10 was to the effect that the statute authorized an interurban railroad company to construct its road across a watercourse, subject to the conditions provided in the statute, and that "before plaintiff can recover, it must be proven to your satisfaction from the evidence that the defendant has been guilty of wrongful conduct which is charged in the complaint, relating to the construction and maintenance of said bridge and embankment, and further that the damages if any, complained of, result proximately from such wrongful act or omission."

Appellant contends that the court by the use of the phrase "to your satisfaction" placed upon him a greater burden of proof than the law required him to assume. A similar instruction was criticized by this court in *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 96 N. E. 473, where it was said: "The trial court could very properly have refused to give said instruction, and such a ruling would have been commendable; * * *" But the court after considering the instruction in connection with other instructions given held the giving of such an instruction was not reversible error where the court's instructions clearly defined what was meant by a preponderance of the evidence and advised the jury that a preponderance of the evidence was sufficient to justify a finding in favor of the party having the burden. The words "to your satisfaction from the evidence" are equivalent to saying to the jury that the evidence must be such as to satisfy the jury, etc. The words "to the satisfaction of" and "sat-

isfy" are equivalent to "find" or "believe." *Terre Haute Traction, etc., Co.* v. *Payne* (1909), 45 Ind. App. 132, 142, 89 N. E. 413; *Baltimore, etc., R. Co.* v. *Walker* (1908), 41 Ind. App. 588, 598, 84 N. E. 730.

The next objection appellant makes to this instruction is that it casts upon him the burden of proving, among other things, that appellee had been guilty of wrongful conduct in (1) the construction of the bridge; (2) in the maintenance of the bridge; (3) in the construction of the embankment; and (4) in the maintenance of the embankment. The contention of appellant is that the wrongful conduct of appellee in any one of the four matters referred to would have been sufficient to have warranted the jury in returning a verdict for appellant.

Appellant in his complaint charged that appellee caused a new bridge to be erected after the old one had been washed out by the flood of 1913, and made the new bridge thirty-two feet longer than the old one, but had wrongfully left the dirt under the addition made to lengthen the bridge and did not increase the capacity of the bridge; and that appellee continued to so maintain said bridge and embankment so as to decrease the channel of the creek from what it had been from time immemorial, and "by reason of the wrongful conduct of the defendant in so damming up and obstructing the channel of said Killmore Creek by the maintenance therein of said railroad bridge and embankment. * * * By reason of the conduct of the defendant in so constructing and maintaining its said embankment and bridge the water was obstructed and dammed up so that it overflowed plaintiff's lands" to appellant's damage; that "before the construction and maintenance of said bridge and grade," the water did not flow over appellant's lands, "but that since the construction thereof" the water has been obstructed by said "grade

and bridge; that because of the construction and maintenance of said grade and bridge and the obstruction thereby of the flow of water, plaintiff has been damaged."

Appellant tendered a number of instructions which were given to the jury and which show that appellant's theory of the complaint was that the construction and maintenance of the bridge with the embankment under it constituted but a single act. Instruction No. 2 related to the duty of appellee "in the construction and maintenance of its road." Instruction No. 4 was to the effect that if the jury found that appellee "negligently by the construction of a bridge with an insufficient water way increased" the natural flow in times of high water, that it would be liable for the damages occasioned by such increased flow. In instruction No. 5 appears the expression "in order that it (appellee) may be found to have exercised due care in the construction of its right of way across a water channel" it must take notice of the character of the country and "provide ample accommodations for the free passage of water," etc. And in instruction No. 6 given at request of appellant, the court instructed the jury as follows: "If you find from a preponderance of the evidence, that the defendant negligently constructed and has negligently maintained its railway across Killmore Creek with an opening under its bridge across said creek too small" and if "by reason of said negligent construction of said bridge" the water backed up and overflowed appellant's lands, appellee would be liable for the damages resulting therefrom. Reference is made in instruction No. 7 to damages to appellant's lands "by reason of the negligent construction of defendant's bridge upon the right of way across" the creek.

When we consider instruction No. 10 in connection with the complaint and with the instructions given at

the request of appellant, it is clear that the jury was not misled thereby, and the giving of the same was not reversible error.

Objection is made to the giving of instructions Nos. 14 and 16. In instruction No. 14 the court told the jury that it was the duty of appellee in the construction and maintenance of the bridge and embankment to employ an engineer of at least ordinary competence and skill and to exercise a reasonable degree of care and prudence in the construction and maintenance of the bridge and embankment so as to guard against injury or damage which could be reasonably anticipated. In instruction No. 16 the jury were told that it was for them to determine from all the facts and circumstances in evidence whether or not appellee in the construction and maintenance of the bridge and embankment had wrongfully and unnecessarily injured appellant's land and crops.

This case was tried upon the theory that appellee was guilty of negligence in the construction and maintenance of its road across the creek, and in view of the rule laid down in *Watts* v. *Evansville, etc., R. Co., supra,* we hold that the error, if any, in giving said instructions is harmless in so far as appellant is concerned. There was no error in overruling the motion for a new trial.

Judgment affirmed.