### HEINE ET AL. *v.* BANDELIER ET AL.

[No. 14,694. Filed June 7, 1934. Rehearing denied February 16, 1935. Transfer denied April 9, 1935.]

*Harry F. Kennerk, Townsend, Thomas & Hilgemann,* for appellants.

*W. N. Ballou,* and *Edgar W. Atkinson,* for appellees.

KIME, J.—This was an action by the appellees against the appellants for the alleged flooding of lands belonging to the appellees. The issues were formed by a complaint in one paragraph and an answer thereto in general denial. The charging part of the complaint is as follows:

> "That continuously for more than six years last passed, the defendants have collected water from land not assessed in said ditch and have ditched the same down and toward the land of the plaintiffs herein without connecting the lateral drains into the drain into which they are assessed and have

emptied same on and near the land of these plaintiffs and collected water far in excess of the capacity of the said drain to carry, and from land not assessed therein and thereby caused the land of the plaintiffs to become overflowed and damaged by the excessive water that was thus unlawfully conveyed to the plaintiffs' land.

"That the defendants have caused sewers to be constructed under the highway situated on the half mile section line of section 8 so that the water from their land would escape under the highway and over and on the land of the plaintiffs, and have constructed open ditches on plaintiffs' land to increase the flow of the water from their land to the plaintiffs' land and have failed to connect their lateral drains into the tile drain and by so doing have flooded and damaged plaintiffs' land; that year after year for the past six (6) years the plaintiffs' crops have been destroyed and the land rendered unfit for agricultural purposes and on account of the excessive water wrongfully drained from defendants' land to the land of these plaintiffs . . ."

There was a verdict returned in favor of the appellees and against the appellants in the sum of $2,000.00 and judgment was rendered on that verdict. A motion for new trial was filed which stated the following grounds: The verdict of the jury is not sustained by sufficient evidence; the verdict is contrary to law; the court erred in giving and refusing to give to the jury certain instructions. The overruling of this motion is the error assigned here.

As to the first ground we find that there was evidence from which the jury was warranted in arriving at the verdict that it did and, hence, the trial court did not err in overruling the motion for new trial for that reason.

The appellants have devoted the major portion of their brief to a discussion of contributory negligence and that is the question which, in effect, determines this law suit. This question of contributory negligence is raised and discussed under the grounds that the ver-

dict of the jury is contrary to law and by the court's ruling on the giving and refusing to give various instructions and the exceptions thereto. ·

It is the appellants' contention that contributory negligence should have been negatived by the evidence from the appellees. Both parties cite and rely upon the case of *Cleveland, etc., Ry. Co.* v. *Wisehart* (1903), 161 Ind. 208, 67 N. E. 993. It is the application of this case to the complaint herein that, in our opinion, determines the controversy here. If it can be said that the complaint herein charged negligence, the rule as announced in the Wisehart case, *supra,* applicable to negligence cases, should have been followed, that is, contributory negligence should have been negatived. If this is the case of a wrong committed willfully and without any negligence, contributory negligence need not have been negatived. We have set out in full, above, the entire charging portion of the complaint. The language used therein does not contemplate negligence and is the pleading of a willful wrong and, hence, under the decision in the Wisehart case, *supra,* this is a case wherein "the rule in respect to contributory negligence has no application" since "the wrong is willfully committed." The entire tenor of the charging portion of the complaint is based on a willful and deliberate wrong and not by any construction, of any of the wording used therein, based upon negligence.

Since we have arrived at the conclusion we have it is unnecessary to set out the various instructions complained of, as they all relate to the same question.

No reversible error having been shown the judgment is in all things affirmed and it is so ordered.

Dudine, J., concurs in result.

Curtis, J., dissents.