## FIELDS *v.* HAHN

[No. 17,256. Filed December 8, 1944. Rehearing Denied January 4, 1945. Transfer Denied February 26, 1945.]

366

*Delph L. McKesson* and *Marshall F. Kizer,* of Plymouth, and *Kenneth Booz,* of Bourbon, for appellant.

*Horner, McDowell* and *Gast,* of Winamac, and *George F. Stevens (Stevens & Stevens)* of Plymouth, for appellee.

DRAPER, C. J.—Action for damages for personal injuries. Verdict for defendant and judgment accordingly. Plaintiff appeals.

The plaintiff, who was about to walk across a heavily traveled public highway at night, saw the headlights of an automobile approaching from either direction, each about two blocks away. He started across, but stopped when he reached the center of the highway because he was blinded by the lights of the defendant's car, which was approaching from his right. Whether defendant's automobile struck him or whether he walked into it is in dispute, both parties claiming they at no time crossed the center line of the roadway.

The plaintiff, who sustained serious personal injuries, first asserts error in the refusal of his tendered Instruction Number 2, which reads as follows:

"I instruct you that there was in full force and effect at the time of the accident in question, as alleged in plaintiff's complaint, a Statute of the State of Indiana, which provides in part, as follows:

"'When traffic control signals are not in place or not in operation, the driver of a vehicle shall yield the right of way, slowing down or stopping if need be, so to yield to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so

close that it is impossible for the driver to yield.' "

"So, in this case, if you find from the evidence that the plaintiff was a pedestrian crossing the roadway within a crosswalk and that the plaintiff was approaching the half of the roadway upon which the defendant was driving his automobile, and that he was approaching it so closely as to be in danger, if you further find that no traffic control signals were in operation at said crossing, then I instruct you that it was the duty of the defendant to have yielded the right of way to the plaintiff. I further instruct you that if you so find that the defendant failed to yield the right of way to the plaintiff, and that such failure, if you so find, was the sole proximate cause of the injuries to the plaintiff, then, in that event, your verdict may be for the plaintiff."

The complaint, to which no motion of any kind was addressed by the defendant, reads, insofar as the same is pertinent to this discussion, as follows:

". . . 2. That on the 24th day of September, 1941, the defendant was operating a certain 1937 Chevrolet Sedan on U. S. Road Number 30 east of the town of Bourbon, Indiana.

"3. That at all times hereinafter mentioned, the said defendant was operating said automobile in an easterly and southeasterly direction on said highway, which said highway is a public highway in Marshall County, Indiana.

"4. That on the said 24th day of September, 1941, at about 8:00 o'clock P. M., the plaintiff was walking across said highway in a southwesterly direction about two hundred feet southeast of the fork formed by the intersection of said U. S. Highway Number 30 and an east and west public high- way.

"5. That before crossing said highway, the plaintiff looked both to his right and left, and not seeing any automobiles approaching in close prox- imity started to walk across said highway in a

southwesterly direction until he reached the center of the travelled portion of said highway.

"6. That at said time and place the defendant was driving said automobile in an easterly and southeasterly direction as he approached the plaintiff at a high and dangerous rate of speed, to-wit: Sixty (60) miles per hour. Said point on the highway where plaintiff was crossing is along the corporation limits of the town of Bourbon, Indiana, and is a heavily travelled public highway at said point, and the traffic on said highway at said time and place was heavy.

"7. That the defendant negligently and carelessly, driving his car as aforesaid, ran said automobile into and against the plaintiff, striking him to the pavement and inflicting severe bodily injury on him.

"8. That said collision was caused solely and wholly and proximately by the negligence of the defendant, and that defendant's negligence consisted, *among other things,* of the following:

"(A) In then and there operating said automobile at a speed greater than was reasonable and prudent, considering the proximity to the corporation limits of the town of Bourbon, the poor visibility, the density of the traffic, and the condition of the highway at said place, which consisted of a curve.

"(B) In then and there failing to have and keep his automobile under proper and reasonable control so as not to endanger the life of the plaintiff.

"(C) In then and there failing to keep a proper lookout ahead for pedestrians crossing said highway.

"(D) In then and there failing to sound his horn or other warning signal on his automobile so as to apprise the plaintiff of the approach of the defendant in said automobile."

To meet the defendant's contention that the instruction was properly refused because it was not within the issues as presented by the pleadings, the plaintiff

asserts that because of the inclusion in his complaint of the words therein italicized by us, he was not confined to the specific allegations of negligence, but could prove any negligence on the defendant's part which proximately caused his injuries.

It is apparent that by this instruction the plaintiff sought to take advantage of the statute therein quoted. To justify that, the averments of his complaint should bring the case within the statutory provisions, or state the facts so fully and directly that from the facts pleaded it readily appears that the case falls within the statute and discloses the duty owed by the defendant to the plaintiff, without indulging in speculation or depending on doubtful inference. *The City of Logansport* v. *Wright* (1865), 25 Ind. 512; *LaPorte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 75 N. E. 277; *Steiert* v. *Coulter* (1913), 54 Ind. App. 643, 102 N. E. 113, 103 N. E. 117; *Cleveland etc., R. Co.* v. *Stevens* (1912), 49 Ind. App. 647, 96 N. E. 493; *Terre Haute Union Tran. & Stor. Co.* v. *Pickett* (1938), 106 Ind. App. 82, 15 N. E. (2d) 765, 16 N. E. (2d) 778; 45 C. J., §642, p. 1070, §644, p. 1092. The complaint fails to meet this test and we therefore conclude that the instruction was outside the issues presented by the pleadings whether or not the plaintiff was at liberty to prove acts of negligence not specifically alleged.

The plaintiff insists that evidence sufficient to sustain a recovery on the theory of the instruction was admitted without objection, and the complaint should therefore be deemed amended to conform thereto so as to justify the giving of the instruction. But there are many cases holding that instructions to the jury must be confined to the issues made by the pleadings, and the rule that instructions

must correctly state the law relevant to the *issuable* facts given in evidence on the trial of a cause is not altered by the fact that evidence of negligence not pleaded is admitted without objection. *Indiana Railway Company* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156. Particularly must that be true where, as here, the evidence which is claimed to support an element of negligence not pleaded was necessarily admitted as an incident to the proof of those acts of negligence which were specifically alleged, and being admissible for that purpose could not be successfully objected to. The instruction was properly refused.

The defendant says the instruction was also bad for the reason that it imposes a mandatory duty upon the defendant to yield the right of way, leaving entirely out of consideration any question as to whether the defendant knew or had reason to know of the plaintiff's presence in the crosswalk, his contention being that unless the defendant knew or should have known that fact, the statute did not operate against him. Since, under amended pleadings, this instruction may again be tendered, we deem it proper to discuss this contention.

The asserted crosswalk intersected the highway on a curve at the edge of the town of Bourbon. The defendant had lived around Bourbon all his life and was familiar with the highway. He was driving, he said, 30 to 35 miles per hour with headlights on dim, and failed to see the plaintiff until he was within 40 feet of him. He then applied his brakes and skidded 50 feet to a stop some eight or 10 feet beyond where the plaintiff fell.

The statute does impose the absolute duty upon the driver to yield the right of way to the pedestrian under

the circumstances and with the exceptions detailed therein. In the performance of this duty at a crosswalk as defined by statute, the defendant would not be excused by his failure to see the plaintiff if the latter was upon or closely approaching the half of the roadway being used by the defendant. It was his duty to anticipate that someone might be rightfully attempting to cross the street there, and to see and know whether a pedestrian was so situated, and, if necessary to ascertain that fact, to slacken his admitted speed, and place his car under such control that he could see a pedestrian rightfully crossing and could avoid striking him after he did see him. *Croatian Bros. Pkg. Co.* v. *Rice* (1928), 88 Ind. App. 126, 147 N. E. 288; *Fischer* v. *Keen* (1941), 43 Cal. App. 244, 110 P. (2d) 693; *Edwards* v. *Kohn* (1932), 207 Wis. 381, 241 N. W. 331. The case of *Detwiler, Admx.*, v. *Culver Military Academy* (1930), 91 Ind. App. 355, 168 N. E. 246, cited by the defendant to sustain his contention, is readily distinguishable from the case at bar. In that case the circumstances were such that the driver could not comply with the statute. The instruction is not subject to the objection urged.

The plaintiff next asserts error in the giving of defendant's tendered instruction number five, to the giving of which he made appropriate objection, and which reads as follows:

"You are instructed that the duty of a pedestrian to look both ways upon a street, does not necessarily cease when he steps in to the travelled portion of said street, but said duty was incumbent upon him at all times when he was in a position which might be one of peril from vehicles approaching from either side, and this duty continues upon such person until he has completely crossed the street. Therefore, you are instructed that if the plaintiff in this case entered upon the public high-

way in question, and started walking across said highway, it was his duty while thus walking, to protect himself by maintaining a look-out, both to the right and left, to ascertain whether vehicles were approaching from either direction. This was a continual duty upon his part, to protect himself from injury by approaching vehicles, and if he failed to exercise such care as above outlined, such failure on his part would be negligence, and if such negligence contributed directly or proximately to the happening of the accident, the plaintiff cannot recover and the verdict will be for the defendant."

The instruction imposes upon the plaintiff the duty, while walking across the street, to protect himself from injury by keeping a continuous look-out, both to the right and left for approaching vehicles, and it tells the jury that his failure to do so would be negligence. Such is not the law. As said by our Supreme Court:

"The common law does not impose on any one the absolute duty to observe any specific precaution or to do any specific act in the exercise of due care under the circumstances. What specific acts and precautions a person of ordinary prudence would have adopted under the conditions and circumstances shown is ordinarily a *pure question of fact*.

"It has been consistently held by recent rulings of this court that it is an invasion of the province of the jury to give an instruction stating that the doing of a certain specific act, or that the failure to observe a certain specific precaution, under a given state of conditions and circumstances, constitutes negligence, unless the specified act is prescribed by some statute, ordinance, order, or rule which gives it the force of law; or unless the specific conditions and circumstances are of such character that no other reasonable inference can be drawn therefrom." *Pittsburgh, etc., R. Co.* v. *Arnott, Admx.* (1920), 189 Ind. 350, 361, 126 N. E. 13.

The test of contributory negligence, like that of negligence, is whether ordinary care was exercised under the circumstances. *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 44 N. E. (2d) 93. The degree of care required is always the care which an ordinarily prudent person would exercise under the same or similar circumstances, and whether such care has been exercised in a given case is a question of fact for the jury to determine. *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. (2d) 944; *Harker* v. *Gruhl* (1916), 62 Ind. App. 177, 111 N. E. 457. In the case last cited it is said:

" 'It would have been error for the court to say, as a matter of law, that ordinary care required appellee to look and listen constantly, and it was also error to instruct the jury that ordinary prudence did not require him to do so.'

"As a matter of law, a pedestrian who is lawfully using a public thoroughfare need not be constantly looking or listening to ascertain whether automobiles are approaching under the penalty that if he fails to do so and is injured his failure conclusively charges him with negligence."

The appellee says that language is not controlling here, for in that case the pedestrian did not see the approaching automobile, and he insists that the rule must be different where a pedestrian sees and knows that automobiles are approaching, and that under those circumstances he must, as a matter of law, keep a constant lookout to avoid injury. We cannot agree. The test is the test of due care, and whether or not he knows that automobiles are approaching on the street he is about to cross, it is still for the jury and not the court to say what conduct on his part, under all of the circumstances, measures up to the requirements thereof.

The instruction, mandatory in character, deals with a material issue in the case and is erroneous in that it invades the province of the jury and places an undue burden of care on the plaintiff. It is therefore presumed to be harmful, and since we cannot say it affirmatively appears from the record that it was not prejudicial to the plaintiff, such presumption must prevail. *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, 105 N. E. 788.

Judgment reversed and cause remanded for new trial.

NOTE.—Reported in 57 N. E. (2d) 955.